UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| E.N. BISSO & SON, INC.<br><br>VERSUS<br><br>M/V DONNA J. BOUCHARD, her tackle, furniture, apparel, appurtenances, *etc.*, *in rem*, and the Barge B. No. 272, her tackle, furniture apparel, appurtenances, *etc. in rem*, and BOUCHARD TRANSPORTATION, CO., INC. *in personam* | CIVIL ACTION NO.: 2:19-cv-14666<br>Admiralty – Rule 9(h)<br><br>SECTION E \| DIVISION 1<br><br>JUDGE MORGAN<br><br>MAGISTRATE VAN MEERVELD |

## **VERIFIED COMPLAINT IN INTERVENTION**

NOW INTO COURT, through undersigned counsel, comes Intervenors, Crescent Towing & Salvage Co., Inc. ("Crescent") and Cooper/T. Smith Mooring Co., Inc. ("CTS Mooring"), in a claim for necessaries under the Federal Maritime Lien Act, 46 U.S.C. §31341, *et seq.*, and pursuant to Rule 9(h) of the Federal Rules of Civil Procedures, represents as follows:

1.

Intervenor, Crescent, is corporation organized and existing under the laws of the State of Louisiana.

2.

Intervenors, CTS Mooring, is a corporation organized and existing under the laws of the State of Louisiana.

3.

Intervenor, Crescent, provided tug and towing services to Barge B. No. 272 on October 25, 2019. The amount for these services total $19,233.84. *See*, Crescent's invoice attached hereto as Exhibit A. Crescent provided this invoice to the owner of Barge B. No. 272, but has never received any payment for its provision of necessaries to the vessel.

4.

Intervenor, CTS Mooring, provide line handling services to Barge B. No. 272 in 2019 on the following dates:  April 20; May 6 and 15; July 18, 21, and 31; and October 16 and 19.  The amount for these services total $20,443.65.  *See*, CTS Mooring's invoices attached hereto as Exhibit B.  CTS Mooring provided these invoices to the owner of Barge B. No. 272, but has never received any payment for its provision of necessaries to the vessel.

5.

Crescent and CTS Mooring provided necessaries to Barge B. No. 272 and thus, have liens against the vessel pursuant to the Federal Maritime Lien Act,46 U.S.C. §31341, and seeks to intervene in the above captioned matter in order to arrest the vessel and assert their liens for necessaries against the vessel.

6.

E.N. Bisso & Son, Inc. has arrested Barge B. No. 272 and seeks to have it sold to pay their claims; however, Intervenors claim rights to a portion of the proceeds and pray that their liens be paid in preference and priority to all other claims.

WHEREFORE, Intervenors, Crescent and CTS Mooring, pray that process issue requiring that its Complaint in Intervention be served on Barge B. No. 272, which is part of the integrated tug and tow, and that all those claiming the barge as owner be required to answer the Complaint in Intervention and file their claim as owner within the delays provided by law, and that after due proceedings that Barge B. No. 272 be sold and that the claims of Intervenors be paid in preference and priority over all other claims.

Respectfully submitted:

S ALLEY H ITE M ERCER & R ESOR, LLC

*/s/ Kevin Frey*
DAVID M. FLOTTE T.A. (#1364)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
Email: dflotte@shmrlaw.com
          kfrey@shmrlaw.com

Counsel for Intervenors, Crescent Towing & Salvage Co., Inc. and Cooper/T. Smith Mooring Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/ Kevin Frey*
KEVIN M. FREY