UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **E.N. BISSO & SONS, INC** | * | CIVIL ACTION No.:2:19-cv-14666 |
| | * | |
| **VERSUS** | * | SECTION "E" |
| | * | |
| **M/V DONNA J. BOUCHARD, her tackle,** | * | MAG. DIVISION "1" |
| **furniture, apparel, appurtenances, etc.,** | * | |
| *in rem*; **and the** | * | JUDGE MORGAN |
| **BARGE B. NO. 272, her tackle, furniture,** | * | |
| **apparel, appurtenances, etc., in rem; and,** | * | MAGISTRATE JUDGE |
| **BOUCHARD TRANSPORTATION CO.** | * | VAN MEERVELD |
| **INC,** *in personam* | * | |

## VERIFIED COMPLAINT IN INTERVENTION

Plaintiff, Boland Marine & Industrial, LLC ("Boland Marine"), a Louisiana limited liability company, by and through its undersigned counsel, files this Verified Complaint in Intervention and respectfully represents that:

### I. JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 U.S.C. §1333, 46 U.S.C. §31341, et seq. and general maritime law. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rules B and E of the of the Federal Rules of Civil Procedure.

2.

Venue is proper pursuant to 28 U.S.C. §1391(b).

1

## II. PARTIES

3.

Boland Marine is a Louisiana limited liability company with its principal place of business in Orleans Parish, Louisiana and provides berthing/dockage, security, vessel repairs, equipment, labor, maintenance, other services and vessel parts to commercial customers and vessels at various locations in the Gulf South including the Perry Street Wharf and the Poland Avenue Wharf in the Port of New Orleans.

4.

The defendants are:

(a) Bouchard Transportation, *in personam*, is a New York business entity which conducts business in the State of Louisiana operator and owner of several tugboats and barges, including the M/V DONNA J. BOUCHARD and BARGE B. NO. 272, operating throughout the navigable waters of the United States;

(b) Tug Donna J. Bouchard Corp., *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the owner of the M/V DONNA J. BOUCHARD; and,

(c) B. No. 272 Corp., *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the owner of BARGE B. NO. 272.

5.

At all times pertinent, Bouchard Transportation conducted business at 58 South Service Road #150, Melville, NY as a single-business enterprise and alter-ego of the following New York business entities also located and conducting business at 58 South

Service Road #150, Melville, NY: Tug Linda Lee Corp.; Tug Ralph E. Bouchard Corporation; B. No. 230 Corp.; Tug Danielle M. Bouchard Corp.; B. No. 245 Corporation; B. No. 270 Corp.; Tug Bouchard Girls Corp.; B. No. 195 Corp.; Tug J. George Betz, Corp., Tug Donna J. Bouchard Corp. and B. No. 272 Corp.

6.

Bouchard Transportation and each of the business entities identified in Paragraph 5 above were and are New York business entities with no offices in the Eastern District of Louisiana; it has no agent(s) for service of process in the Eastern District of Louisiana; Boland Marine is informed and believes that none of the officers of Bouchard Transportation or any of the business entities identified in Paragraph 5 above are now within the Eastern District of Louisiana; that Bouchard Transportation and each of the business entities identified in Paragraph 5 above do not maintain a physical addresses or telephone listings within the Eastern District of Louisiana; that no person is present within the Eastern District of Louisiana to receive a summons and complaint as contemplated by Fed. R. Civ. P. 4(d), and, otherwise, cannot be found in the Eastern District of Louisisna, but is subject to the *quasi in rem* jurisdiction of this Court pursuant to *Supplemental Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure* based on the presence and location of certain tangible or intangible property in the district and jurisdiction of this Honorable Court.

## III. BOUCHARD TRANSPORTATION VESSELS

6.

At all times pertinent, the following vessels were operated by Bouchard Transportation as articulated tug/barge units:

    (a)    M/V LINDA LEE BOUCHARD and BARGE B. NO. 205;

    (b)    M/V RALPH E. BOUCHARD and BARGE B. NO. 230;

    (c)    M/V DANIELLE E. BOUCHARD and BARGE B. NO. 245;

    (d)    M/V KIM BPUCHARD and BARGE B. NO. 270;

    (e)    M/V BOUCHARD GIRLS and BARGE B. NO. 295; and,

    (f)    M/V GEORGE BETZ and other barges.

(collectively hereafter the "Vessels")

## IV. SUPPLEMENTAL RULE B CLAIMS

7.

Pursuant to requests by defendant Bouchard Transportation which included agreed pricing, Boland Marine provided berthing/dockage, security, labor, materials, parts equipment, repairs and other related services (collectively hereafter "work") to the Vessels at various locations including the Perry Street Wharf and Poland Avenue Wharf in the Port of New Orleans in the principal amount of $1,452,150.00. See attached Exhibit "A" incorporated herein and made part hereof.

8.

Boland Marine provided the above-described work for the benefit of the Vessels and the Defendants, all of which was performed by Boland Marine in a good and workmanlike manner and accepted and utilized by the Defendants.

9.

Pursuant to the parties' agreement and course of dealing, Boland Marine provided Bouchard Transportation with its invoices (attached Exhibit "A") for its work to the Vessels in the principal amount of $1,452,150.00, which, despite amicable demand, and in breach of the parties' contract, remains unpaid.

10.

The work and invoices by Boland Marine, as set forth above and on the attached Exhibit "A," constitute maritime contracts, or in the alternative, an open account, which the defendants breached by failing to pay Boland Marine.

11.

Based on the defendants' breach and non-payment, Boland Marine is entitled to recovery against Defendants, jointly, severally and solidarily, in the principal amount of $1,452,150.00, interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys fees pursuant to the terms of Boland Marine's invoices (See attached Exhibit "A") and the parties' course of dealing.

12.

In the alternative, Boland Marine is entitled to recovery against Bouchard Transportation, in the principal amount of $1,452,150.00, interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys fees under equitable

principles including the doctrine of *quantum meruit* or unjust enrichment and the terms of Boland Marine's invoices (See attached Exhibit "A") and the parties' course of dealing.

13.

Pursuant to Supplemental Rule B, Boland Marine is entitled to process of maritime attachment of all tangible and intangible property of the Defendants located within the District of this Honorable Court including but not limited to M/V DONNA J. BOUCHARD and the BARGE B. NO. 272.

14.

All and singular, the premises and allegations in this Verified Complaint in Intervention are true and correct and within the admiralty and maritime jurisdiction of the United States and this Court.

WHEREFORE, Boland Marine prays:

That after due proceeding are had there be judgment in its favor and against the Bouchard Transportation, Tug Donna J. Bouchard Corp. and B. No. 272 Corp., jointly, severally and in solido, in the principal amount of $1,452,150.00, interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys fees.

That process of attachment issue pursuant to Supplemental Rule B against the M/V DONNA J. BOUCHARD and the BARGE B. NO. 272, and that both vessels be condemned and sold at public auction to satisfy Boland Marine's claims as stated herein.

That Boland Marine may have judgment against Bouchard Transportation, Tug Donna J. Bouchard Corp. and Barge B. No. 272 Corp., jointly, severally and solidarily, for the amount of any deficiency, plus any other sums and interest, costs and attorney's fees; and,

For any and all other just and equitable relief.

**Respectfully submitted:**

**LAW OFFICE OF CARY A. DES ROCHES**

<u>/s/ Cary A. Des Roches</u>
Cary A. Des Roches (LA Bar No. 19550)
225 Phosphor Avenue
Metairie, LA 70005
and
1100 Poydras Street
Suite 3250
New Orleans, LA 70170
Phone: (504) 588-1288
Facsimile: (504) 588-9750
cdr@desrocheslaw.com
*COUNSEL FOR BOLAND MARINE &*
*INDUSTRIAL, LLC*

and

**COUHIG PARTNERS, LLC**
Robert E. Couhig, Jr. (La. Bar No. 4439)
Robert E. Couhig, III (La. Bar No. 29811)
Jeffrey T. Pastorek (La. Bar No. 33309)
1100 Poydras Street, Suite 3250
New Orleans, LA 70163
T: (504) 588-1288
F: (504) 588-9750
rcouhig@couhigpartners.com
jpastorek@couhigpartners.com
*COUNSEL FOR BOLAND MARINE &*
*INDUSTRIAL, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery     ( ) Prepaid U.S. Mail
( ) Facsimile     ( ) Federal Express
( ) Electronic Mail     (x) CMF/ECF

New Orleans, Louisiana this 24th day of January 2020.

                                              /s/ Cary A. Des Roches_____
                                              CARY A. DES ROCHES