UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| E.N. BISSO & SON, INC. | § | CIVIL ACTION No. 19-cv-14666 |
| | § | |
| VS. | § | SECTION (E) |
| | § | |
| M/V DONNA J. BOUCHARD, her tackle, | § | DIVISION (1) |
| furniture, apparel, appurtenances, *etc. in* | § | |
| *rem,* and the Barge B. NO. 272, her tackle, | § | JUDGE: Susie Morgan |
| furniture, apparel, appurtenances, *etc. in* | § | |
| *rem* and BOUCHARD | § | MAGISTRATE: Janice van Meerveld |
| TRANSPORTATION CO., INC. *in* | § | |
| *personam* | § | |

**EMERGENCY MOTION TO COMPEL TUG DONNA. J. BOUCHARD CORP. AND/OR THE DECLARANT MR. MORTON S. BOUCHARD, III TO APPEAR AND SHOW CAUSE WHY THE SUBSTITUTE CUSTODIAN HAS FAILED TO FULFILL ITS OBLIGATIONS**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, E.N. Bisso & Son, Inc., ("***E.N. Bisso***"), and hereby files this *Emergency Motion To Compel Tug Donna Bouchard Corp. and/or the Declarant Mr. Morton S. Bouchard, III To Appear and Show Cause Why the Substitute Custodian Has Failed To Fulfill its Obligations*, (the "***Motion***"), and in support thereof, represents as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

A. *Commencement of Action and Appointment of Substitute Custodian*

1.      On December 18, 2019, E.N. Bisso filed a Verified Complaint (the "***Verified Complaint***") in the above-captioned matter, seeking arrest of the M/V DONNA J. BOUCHARD, (the "***Donna J. Bouchard***") and the Barge B. NO. 272 (the "***Barge***," and together with the DONNA J. BOUCHARD, the "***Vessels***"), and the sale thereof to satisfy outstanding obligations owed to E.N. Bisso by the Vessels and Bouchard Transportation, Co., Inc. ("***Bouchard Transportation***"), against which E.N. Bisso also asserted *in personam* claims. (ECF Doc. No. 1).

1

2.     On information and belief, Tug Donna J. Bouchard Corp. ("***Donna Bouchard Corp.***") is the record owner of the M/V DONNA J. BOUCHARD, and B. No. 272 Corp. ("***272 Corp.***") is the record owner of the Barge.

3.     On December 18, 2019, the Clerk of this Court issued Warrants of Arrest commanding the United States Marshal for the Eastern District of Louisiana to arrest and take into custody the *in rem* defendant Vessels and to detain the same in custody until further Order of the Court, which were served on the Vessels on December 18, 2019. (ECF Doc. Nos. 8, 9).

4.     On December 18, 2019, E.N. Bisso filed a *Motion To Appoint a Substitute Custodian*, and on the same date the Court issued an Order appointing Blue Marine Security, LLC ("***Blue Marine***") as the substitute custodian for the Vessels. (ECF Doc. Nos. 3, 12).

5.     After commencement of the case, counsel for Bouchard Transportation, the nation's largest independently owned ocean-going petroleum barge company, contacted undersigned counsel and suggested that Donna Bouchard Corp. was capable of supplying the Vessels with adequate personnel to act as a substitute custodian at a lower rate than Blue Marine.

6.     Undersigned counsel assented to the appointment of Donna Bouchard Corp. as custodian to minimize *custodia legis* fees for the benefit of all parties to this action. Thus, E.N. Bisso filed the *Ex Parte Motion To Appoint Tug Donna Bouchard Corp., Through the Captain and Relief Captain of the Donna J. Bouchard, as Substitute Custodian* on January 13, 2020 (ECF Doc. No. 18) (the "***Bouchard Motion***"), attached hereto and incorporated by reference as **Exhibit "A."**

7.     In support of the Bouchard Motion, Morton S. Bouchard III, ("***Mr. Bouchard***"), President and reportedly the owner of Bouchard Transportation, Donna Bouchard Corp., and 272 Corp., submitted a declaration under penalty of perjury wherein Mr. Bouchard averred the following:

a. that Donna Bouchard Corp. had adequate facilities and supervision through its Captain and Relief Captain to safely keep the Vessels in place during the pendency of the suit until further order of this Court; and

b. that Donna Bouchard Corp. would "provide the services necessary for the proper custody and safekeeping of the Vessels." (ECF Doc. 18-1, p. 1).

8.      Based on these averments, this Court granted the Bouchard Motion and appointed Donna Bouchard Corp. as substitute custodian of the Vessels per Order dated January 15, 2020. (ECF Doc. No. 19).

9.      Mr. Robert Murphy, Esq., filed *Verified Statements of Right and Interest* on behalf of Donna Bouchard Corp. and 272 Corp. on January 22, 2020. (ECF Docs. No. 21 and 20).

10.      On February 6, 2020, E.N. Bisso learned of potential trouble with the manning of the M/V DONNA J. BOUCHARD and sent a communication to counsel for Donna Bouchard Corp. and 272. Corp., who responded that actions were being taken to resolve those issues, as reflected in the email attached hereto and incorporated by reference as **Exhibit "B."**

11.      As of the filing of this Motion, Bouchard Transportation has not filed an answer to the Verified Complaint, nor any other responsive pleading, and no counsel has entered an appearance on behalf of Bouchard Transportation. Furthermore, no one has filed an answer on behalf of the Vessels or offered to secure the release of the Vessels. E.N. Bisso understands that Mr. Murphy will be representing Bouchard Transportation and the Vessels.

B. *Coast Guard Captain of the Port Order*

12.      On February 6, 2020, CAPT. K.M. Luttrell of the U.S. Coast Guard issued *Captain of the Port Order 075-20* (the "***Coast Guard COTP Order***"), attached hereto and incorporated by reference as **Exhibit "C."**  CAPT. Luttrell addressed the Coast Guard COTP Order to the master of the M/V DONNA J. BOUCHARD and Bouchard Transportation. *See* Ex. C.

13.     According to the Coast Guard COTP Order, the U.S. Coast Guard inspected the Vessels on February 5, 2020 and discovered that the Vessels suffered from the following impairments: (i) failure to maintain a functioning emergency electrical system, and (ii) an anticipated departure of crewmembers necessary to maintain the Vessels' Certificates of Inspection. *Id.* On the basis of these deficiencies, the US Coast Guard deemed that the Vessels posed "a serious risk to the safety and security of the port of New Orleans." *Id.*

14.     On information and belief, Bouchard Transportation or its affiliates precipitated the crew shortage by failing to pay wages to its crew members.[1]

15.     In light of these alarming concerns, the Coast Guard COTP Order directed the master of the M/V DONNA J. BOUCHARD and Bouchard Transportation to moor the Vessels to a dock "until required repairs are completed and relief crewmembers are provided," and ordered the master of the M/V DONNA J. BOUCHARD and Bouchard Transportation to submit a plan to carry out those directives by 8:00 a.m. C.S.T., February 7, 2020. *Id.*

16.     On information and belief, no such plan has been submitted, nor have any steps been taken by Bouchard Transportation or its affiliates to address the concerns cited in the Coast Guard COTP Order.

17.     The Coast Guard COTP Order further provided notice to the master of the Vessels and Bouchard Transportation that the failure to comply with the Coast Guard COTP Order may result in seizure of the Vessels and liability for any monetary assessments. *Id.*

18.     Upon learning of the Coast Guard COTP Order outlining Donna Bouchard Corp.'s difficulties in maintaining an adequate crew for the Vessels, undersigned counsel

---

[1] E.N. Bisso notes for the Court that employees of Bouchard Transportation, including those working on the Vessels, filed a class action against Bouchard Transportation and the Vessels on February 11, 2020 in the United States District Court for the Southern District of New York seeking to recover unpaid pages.  A copy of the complaint is attached hereto as **Exhibit "E."**

contacted Mr. Robert Murphy, Esq., who had filed *Verified Statements of Right and Interest* on behalf of Donna Bouchard Corp. and 272 Corp. Undersigned counsel impressed upon Mr. Murphy the gravity of the situation and the urgent need to address the troubling state of affairs onboard the Vessels, as reflected in the email attached hereto and incorporated by reference as **Exhibit "B."**

19.     On February 11, 2020, representatives of the U.S. Coast Guard, the US Marshal's Office, and the Port of New Orleans contacted E.N. Bisso through counsel of record regarding Donna Bouchard Corp.'s failure to comply with the Coast Guard COTP Order. E.N. Bisso again contacted Mr. Murphy and urged him to contact Donna Bouchard Corp. and/or Bouchard Transportation to address the situation, as reflected in the email attached hereto and incorporated by reference as **Exhibit "D."**

20.     Despite Mr. Murphy's good faith cooperation in attempting to inform Bouchard Transportation and its affiliates regarding the dire situation, neither Bouchard Transportation nor Donna Bouchard Corp. have taken appropriate steps to comply with the directives of the Coast Guard COTP Order and has been in continuous violation since February 8, 2020.

21.     The Court's orders include the freedom to move and to comply with the Coast Guard COTP Order.  The Order states that "The vessel M/V DONNA J. BOUCHARD, bearing United States Coast Guard Documentation Number 1257374, IMO Number 9753181 and the Barge B. NO. 272, bearing United States Coast Guard Documentation Number 1257375 (together, the "Vessels") are allowed and permitted to move from one dock or anchorage to another within this District, and, if necessary, to undergo routine repairs and maintenance, all while the Vessels remain under arrest and attachment. Reasonable expenses incurred in moving the Vessels will be allowed as custodia legis expenses. (ECF Doc. No. 13).

22.     Despite the Coast Guard COTP Order and this Court's permission to move the

Vessels, they have remained at anchor and are placing the Vessels' crew (if they are on board), the public, maritime vessels and mariners and others in the maritime community at risk of significant harm.

## ARGUMENT

23.     Due to the ongoing concerns raised in the Coast Guard COTP Order, which have now been aggravated by Donna Bouchard Corp.'s failure to comply with that order, Donna Bouchard Corp. is in flagrant violation of its duties as substitute custodian, endangering the Vessels, any crew members remaining on the Vessels, and any persons or property in the vicinity of the Vessels on the Mississippi River.

24.     Accordingly, E.N. Bisso moves on an expedited, emergency basis for issuance of an order directing Donna Bouchard Corp. and Mr. Bouchard, who submitted the declaration attesting to the fitness of Donna Bouchard Corp. as substitute custodian, to appear before this Court on or before February 14, 2020 to show cause why Donna Bouchard Corp. has failed to meet its obligations as substitute custodian and why it should not be ordered to comply immediately with the terms of the Coast Guard COTP Order and any other order issued by the U.S. Coast Guard or this Court to address the concerns raised therein.

25.     Despite the sworn statements of Mr. Bouchard, Donna Bouchard Corp. has failed to support the Vessels with sufficient crewmembers and equipment, leaving the Vessels undermanned and ill-equipped, endangering the value of the Vessels and other vessels in surrounding waters, together with the safety of all persons aboard any such vessels.

26.     Upon its appointment as substitute custodian, Donna Bouchard Corp. expressly assumed the obligation to provide adequate facilities and supervision and to provide all services necessary for the proper custody and safekeeping of the Vessels during the pendency of this action.

Such obligations necessarily include the obligation to supply the Vessels with sufficient crew members and to supply and maintain equipment in good working order, which Donna Bouchard Corp. has failed to do, according to the Coast Guard COTP Order.

27.     By its inaction, avoidance and silence, Donna Bouchard Corp. has imposed and continues to impose a significant risk of economic loss to E.N. Bisso and other claimants in this case through deterioration of the property subject to their claims, the Vessels.

28.     However, the potential harm is not restricted to damage to the Vessels themselves. Rather, Donna Bouchard Corp.'s disregard of its obligations poses a graver risk to the public's safety of the community at large. By failing to ensure that the Vessels are manned with sufficient crewmembers, Donna Bouchard Corp. has deprived the Vessels of the personnel necessary to carry out routine operations while anchored during a high river stage with dangerous current, leaving the Vessels unprepared to respond to events requiring movement of the Vessels or other responsive action by  an adequately-manned crew.  As a result, the Vessels are vulnerable to collisions with passing vessels and other events which could cause the Vessels to break free from the anchorage grounds.

29.     Such an occurrence could provoke further accidents and misfortunes, including, but not limited to, obstructing free movement of other vessels, vessels breaking free from their moorings or anchorage grounds, vessels running aground, risk of fire and explosion from the residual cargo bottoms that may be on board the Barge and pollution from the Vessels, risk of harm to the levees as well as the potential of flooding lowland areas.  Any one of these results would expose the public to unnecessary risk of harm, hazard nearby vessels to risk of collision and other damages and could subject persons and property throughout the area to further damages from flooding and other calamities.

30.     Making matters worse, Donna Bouchard Corp. has now been in violation of the Coast Guard COTP Order for more than five (5) days, during which time the Vessels have presumably been subject to seizure by the U.S. Coast Guard and the assessment of additional monetary penalties by the U.S. Coast Guard.

31.     In light of the foregoing, Donna Bouchard Corp. and its declarant, Mr. Bouchard, appear to have demonstrated that they are either unwilling or unable to address these problems without judicial intervention.

32.     Accordingly, E.N. Bisso respectfully requests that this Court enter an order scheduling an emergency hearing or status conference at the earliest possible date and time for Donna Bouchard Corp., and if the Court should so grant, the declarant Mr. Bouchard, to appear and to show cause why the custodian has failed to meet its obligations as substitute custodian.

33.     E.N. Bisso respectfully submits that the danger currently posed by the Vessels requires that these issues be decided expeditiously to avoid serious potential problems. Accordingly, E.N. Bisso requests that the Court set this matter for an emergency hearing or status conference as soon as possible, but in no event later than Friday, February 14, 2020, or at such other time as the Court deems proper under the circumstances.

## CONCLUSION

Throughout this action, Bouchard Transportation has used dilatory tactics to avoid or alleviate the negative consequences of its failure to meet obligations to creditors.  Bouchard Transportation has not filed an answer, nor has Bouchard Transportation or any of its affiliates attempted to secure release of the Vessels. Donna Bouchard Corp. appears content to follow a similar path by ignoring the Coast Guard COTP Order and entreaties from E.N. Bisso to deal with these pressing and disconcerting issues.

E.N. Bisso would hasten to add that this should not be considered a reflection on Mr. Murphy, who has been in contact with undersigned counsel, but rather a reflection of the inaction of his clients.

The above behaviors endanger the Vessels' crew (if they are on board), the public, maritime vessels and mariners and the maritime community together with those travelling in the vicinity of the Vessels as well as the value of the property subject to seizure and sale.  As Donna Bouchard Corp. swore to provide custody and care for such property and has repeatedly failed to do so, E.N. Bisso respectfully requests that this Court schedule an emergency hearing or status conference as soon as possible for Donna Bouchard Corp., and if the Court decides, the declarant Mr. Bouchard, to appear and show cause why the custodian has failed to fulfill its obligations as substitute custodian.

**WHEREFORE**, E.N. Bisso & Son, Inc. seeks an Order from this Court in substantial conformity with the proposed order attached hereto as **Exhibit "F"**:

    a.  scheduling an emergency hearing or status conference as soon as possible for the Court to determine whether Donna Bouchard Corp. is in continuing default on its obligations to provide adequate facilities, supervision, and services necessary for the proper custody and safekeeping of the Vessels during the pendency of this action;

    b.  directing Donna Bouchard Corp. and the declarant Mr. Bouchard to appear at such hearing or status conference and show cause why Donna Bouchard Corp. has failed to meet such obligations; and/or

    c.  granting any other legal or equitable relief as the Court deems just and proper under the circumstances.

LUGENBUHL, WHEATON, PECK
 RANKIN & HUBBARD

Respectfully submitted,

 _/s/ Stewart F. Peck_____
STEWART F. PECK (#10403)
JAMES W. THURMAN (#38494)
601 Poydras Street Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com;
jthurman@lawla.com

*Attorneys for E.N. Bisso & Son, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on February 12, 2020, true and correct copies of the foregoing were served

via electronic mail by operation of this Court's CM/ECF system on all parties having entered

appearances in this matter.

 _/s/ Stewart F. Peck_____

10