UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E.N. BISSO & SON, INC.,<br>    Plaintiff | CIVIL DOCKET |
| VERSUS | NO. 19-14666 |
| DONNA J. BOUCHARD M/V, ET AL.,<br>    Defendants | SECTION: "E" (1) |

## ORDER AND REASONS

Before the Court is Plaintiff E.N. Bisso & Son, Inc.'s (E.N. Bisso's) Emergency Motion to Permit Independent Marine Appraisal (hereinafter, the "Motion for Appraisal").[1] Defendants oppose this motion.[2] The Court heard oral argument on the Motion for Appraisal on March 5, 2020.[3] For the following reasons, the Motion for Appraisal is **GRANTED**.

## BACKGROUND

This is an admiralty and maritime action to foreclose upon a maritime lien for towage services provided to the M/V DONNA J. BOUCHARD and Barge B. NO. 272 (together, the "Vessels") and for breach of a maritime contract or suit on an open account. On December 18, 2019, E.N. Bisso filed its Verified Complaint[4] along with an Emergency Motion for Issuance of a Warrant of Arrest of the Vessels[5] and an Emergency Motion to Appoint or Substitute a Custodian of the Arrested Vessels.[6] On that same date, the Court

---

[1] R. Doc. 44.
[2] R. Doc. 52.
[3] R. Doc. 55.
[4] R. Doc. 1.
[5] R. Doc. 2.
[6] R. Doc. 3.

1

issued warrants of arrest on the Vessels[7] and granted E.N. Bisso's motion appointing Blue Marine Security, LLC ("Blue Marine") as the custodian of the arrested Vessels.[8]

On January 13, 2020, E.N. Bisso filed a motion to appoint Tug DONNA J. BOUCHARD Corp., through Captain Richard Bates and Relief Captain Walter Burns of the M/V DONNA J. BOUCHARD, as substitute custodian of the arrested Vessels.[9] On January 15, 2020, the Court granted this motion.[10]

On February 12, 2020, E.N. Bisso filed an Emergency Motion To Compel Tug Donna Bouchard Corp. and/or the Declarant Mr. Morton S. Bouchard, III To Appear and Show Cause Why the Substitute Custodian Has Failed To Fulfill its Obligations.[11] E.N. Bisso represented that, on February 5, 2020, the U.S. Coast Guard inspected the Vessels and discovered several impairments.[12] Specifically, the Coast Guard found the Vessels suffered from a malfunctioning emergency electrical system and an anticipated departure of crewmembers necessary to operate the Vessels due to Defendants' failures to pay crewmembers.[13] In light of these impairments, the Coast Guard ordered the master of the M/V DONNA J. BOUCHARD and Bouchard Transportation to moor the Vessels to a dock until required repairs are completed and relief crewmembers are provided, and ordered the master of the M/V DONNA J. BOUCHARD and Bouchard Transportation to submit a plan to carry out those directives by February 7, 2020.[14] E.N. Bisso represented that as of February 12, 2020, the Vessels had not been moored and no plan had been submitted

---

[7] R. Docs. 8 and 9.
[8] R. Docs. 12.
[9] R. Doc. 18.
[10] R. Doc. 19.
[11] R. Doc. 30.
[12] *Id.* at 4 (citing R. Doc. 30-3 (Coast Guard Captain of the Port Order 075-20)).
[13] *Id.* (citing R. Doc. 30-3).
[14] *Id.* (citing R. Doc. 30-3).

to the Coast Guard.[15] The Court granted[16] the motion and held an emergency hearing on February 18, 2020.[17]

After the February 18, 2020 hearing, the Coast Guard took custody of the Vessels and moved them to Fourchon Shorebase in Bayou Laforche, Louisiana, where the oil on board the Vessels is scheduled to be removed in mid-March.[18]

On February 27, 2020, E.N. Bisso filed a Motion for Interlocutory Sale of the Vessels.[19] On March 10, 2020, the Court granted this motion.[20] The auction of the Vessels is set for April 28, 2020 at 10:00 a.m.[21]

In the instant Motion for Appraisal, E.N. Bisso requests permission to conduct an independent appraisal of the Vessels in advance of the interlocutory sale to "facilitate the marketing of the Vessels."[22] Specifically, E.N. Bisso "seeks to have Norm Dufour, and/or one or more of his surveyors or assistants . . . board and inspect the Vessels for the purposes of providing an appraisal of the Vessels."[23] Defendants object to E.N. Bisso's Motion for Appraisal.[24]

## **LAW AND ANALYSIS**

The primary ground upon which Defendants base their opposition to E.N. Bisso's Motion for Appraisal is that no appraisal is necessary because no interlocutory sale of the vessel should be authorized. This argument is moot, in light of the Court's Order and

---

[15] *Id.*
[16] R. Doc. 33.
[17] R. Doc. 55-1 at 1 (Declaration of Commander Damian Yemma, U.S. Coast Guard).
[18] R. Doc. 41-1 at 8.
[19] R. Doc. 41.
[20] R. Doc. 58.
[21] *Id.* at 7.
[22] R. Doc. 44-1 at 2.
[23] *Id.*
[24] R. Doc. 52.

Reasons granting E.N. Bisso's Motion for Interlocutory Sale.[25] The Court notes that, in opposition to the sale, Defendants argued, *inter alia*, a vessel sale, and, correspondingly, an appraisal, are unnecessary because Defendants have not unreasonably delayed in securing the release of the Vessels: "the tug owner and barge owner fully intend to secure release of the vessels from arrest."[26] As the Court stated in its Order and Reasons granting E.N. Bisso's Motion for Interlocutory Sale:

> The only evidence Defendants point to is a Declaration of Martin J. Bouchard, the President and Chief Executive Officer of Bouchard Transportation Company, Inc. Interestingly, Defendants originally filed this declaration in a *separate* matter before the Southern District of Texas involving *different* vessels. The Declaration is dated February 21, 2020, over two weeks ago, and no further evidence or papers on this point have been provided to the Court. Mr. Bouchard has made no declaration under penalty of perjury before *this* Court involving the vessels at issue in *this* case. As a result, Defendants have not provided this Court with any evidence of active efforts to secure the Vessels' release or any date by which they expect to do so.[27]

In any event, this issue is moot.

Defendants also argue the Court may order an appraisal only "after a vessel sale."[28] E.N. Bisso, on the other hand, contends "'[o]nce a vessel has been arrested, it is common practice for courts to order an independent appraisal of the vessel before it is sold,'"[29] citing *Barnes v. Sea Hawai'i Rafting, LLC*, a case from the District of Hawaii, and *Coastal Marine Management v. M/V SEA HUNTER (O.N. 598425)*, a case from the District of Massachusetts. Defendants correctly note that "the Court in *Barnes* was required under Rule E(5) to obtain an appraisal of the property in order to fix the security bond. That

---

[25] R. Doc. 58.
[26] R .Doc. 52 at 2.
[27] R. Doc. 58 at 6 (internal citations omitted) (emphasis in original).
[28] *Id*.
[29] R. Doc. 44-1 at 2 (quoting *Barnes v. Sea Hawai'i Rafting, LLC*, 371 F.Supp.3d 797, 802 (D. Haw. 2019), *appeal docketed*, 19-14656, (9th Cir. Apr. 5, 2019) and citing *Coastal Marine Management v. M/V SEA HUNTER (O.N. 598425)*, 274 F.Supp.3d 6, 10 (D. Mass. 2017)).

situation is not presented in this case,"[30] and that *Coastal Management* "solely deal[s] with whether a court should order an appraisal after a vessel has been sold at auction to assist the court in determining whether the confirm the sale."[31] Nevertheless, the *Barnes* court cited *Coastal Marine*, a case not involving an appraisal under Rule E(5).[32] *Coastal Marine* held "'[i]t is common practice' to order such an appraisal prior to the sale requested by plaintiff in order 'to aid[] [the Court] in determining if the sale should be confirmed,'"[33] and, in turn, cited as support another case, *Gowen, Inc. v. F/V Quality One*.[34] Although *Coastal Marine* and *Gowen* both involved motions to confirm a vessel sale, which were brought after the vessel sale, neither decision held the a district court's power to order an appraisal is limited to ordering an appraisal after the vessel sale has occurred.

Defendants point the Court to a Fifth Circuit decision, *J. Ray McDermott & Co. v. Vessel Morning Star*,[35] arguing that *J. Ray McDermott* holds that only "*after* a vessel sale, but before confirmation, a court can order an appraisal if it believes the sale price is inadequate."[36] The vessel sale at issue in *J. Ray McDermott* involved markedly different circumstances than the instant case. In *J. Ray McDermott*, an action brought by a vessel purchaser against a shipbuilder for breach of contract and declaration of non-liability under notes and mortgages was consolidated with the shipbuilder's mortgage foreclosure action.[37] The Fifth Circuit's opinion addressed "[t]he question whether state or federal

---

[30] *Id.* at 4.
[31] *Id.*
[32] *Barnes*, 371 F.Supp.3d at 802 (citing *Coastal Marine*, 274 F.Supp.3d at 10).
[33] *Coastal Marine*, 274 F.Supp.3d at 10 (quoting *Gowen, Inc. v. F/V Quality One*, No. CIV. 99-371, 2000 WL 893402, at *4 (D. Me. June 14, 2000), *aff'd*, 244 F.3d 64 (1st Cir. 2001)).
[34] No. CIV. 99-371, 2000 WL 893402 (D. Me. June 14, 2000).
[35] 457 F.2d 815 (5th Cir. 1972).
[36] R. Doc. 52 at 3.
[37] *J. Ray McDermott*, 457 F.2d at 817.

5

law governs deficiency judgments under the Ship Mortgage Act."[38] In addressing this question, the Fifth Circuit addressed only vessel sales insofar as they relate to the Ship Mortgage acting, explaining: "[t]he Ship Mortgage Act, when read together with the statutes delineating the judicial sale procedure in the federal courts forms a comprehensive procedure for the foreclosure of a preferred ship's mortgage, the sale of the vessel and any resulting deficiency adjudged against the debtor *in personam*."[39] Significantly, the case before the Court does not involve the Ship Mortgage Act or deficiency judgments. In explaining the federal statutes delineating the judicial sale procedure, the *J. Ray McDermott* court emphasized the discretion granted to the district court, saying, "[t]here is no appraisal requirement . . . for a public sale," and, thus, "the determination as to the fairness of the sale price of a vessel at public sale is left to the sound discretion of the district court, that is, the court can refuse to confirm the sale if it feels that the price is grossly inadequate."[40] *J. Ray McDermott* did not hold that a district court may not order an appraisal *prior* to the sale but did reaffirm the trial judge's expansive discretion with respect to judicial sales.

Whether to confirm a vessel sale after the sale has occurred "is within the sound discretion of the court."[41] Defendants do not challenge the Court's discretion to determine the fairness of a sale price.[42] The Court concludes its discretion includes the inherent power to order an appraisal of a vessel prior to the sale of the vessel.

---

[38] *Id*. at 816.
[39] *Id*. at 818.
[40] *Id*. at 818-19 (discussing 28 U.S.C. § 2001).
[41] *Freret Marine Supply v. M/V ENCHANTED CAPRI*, No. CIV. A. 00–3805, CIV. A. 00–3809, CIV. A. 01–70, CIV. A. 01–71, CIV. A. 01–87, 2001 WL 649764, at *4 (E.D. La. June 11, 2001) (discussing *Dynamic Marine Consortium S.A. v. M/V LATINI*, 120 F.Supp.2d 595, 602 (E.D. La. Apr. 9, 1999), *appeal dismissed*, 179 F.3d 278 (5th Cir. 1999)).
[42] *See* R. Doc. 52 (arguing "[t]he Fifth Circuit recognized that the fairness of a public vessel sale is left to the sound discretion of the district court without the requirement of an appraisal" and "a court can order an appraisal if it believes the sale price is inadequate.").

Allowing an appraisal to occur prior to the vessel sale may facilitate the expediency and efficiency of the sale and confirmation process. Under Local Admiralty Rule 64.6, parties must file written objections to a sale within three business days of the conclusion of the public auction.[43] Allowing an appraisal to be conducted prior to the vessel sale may very well aid parties seeking to object to the sale price within this short time frame.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Motion for Appraisal[44] is **GRANTED**.

**IT IS FURTHER ORDERED** that Norm Dufour and/or one or more of his surveyors or assistants from his firm, Dufour, Laskay & Strouse, Inc., 3017 Lime St., Metairie, LA 70006 (collectively, "Norm Dufour"), is permitted to board and inspect the Vessels for the purposes of providing an appraisal of their condition and value.

**IT IS FURTHER ORDERED** that Bouchard Transportation Co., Inc., Donna J. Bouchard Corp., B. NO. 272 Corp., together with any agents, representatives, or affiliates thereof, are compelled to allow Norm Dufour access to and inspection of the Vessels within **fourteen (14) days** following entry of this Order and Reasons.

**New Orleans, Louisiana, this 11th day of March, 2020.**

                                                     _____
                                                       **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[43] L.A.R. 64.6(B).
[44] R. Doc. 44.