UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA E.N.

| | | |
|---|---|---|
| **BISSO & SONS, INC** | * | CIVIL ACTION No. 2:19-cv-14666 |
| **VERSUS** | * | SECTION "E" |
| **M/V DONNA J. BOUCHARD, her tackle,** furniture, apparel, appurtenances, etc. | * | MAG. DIVISION "1" |
| *in rem;* and the | * | JUDGE MORGAN |
| **BARGE B. NO. 272, her tackle, furniture, apparel, appurtenances, etc., in rem; and,** | * | MAGISTRATE JUDGE |
| **BOUCHARD TRANSPORTATION CO., INC.,** *in personam* | | VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE VERIFIED COMPLAINT IN INTERVENTION**

MAY IT PLEASE THE COURT:

**I**.

**INTRODUCTION**

Complainant-in-intervention, Bay-Houston Towing Co. ("Bay-Houston") seeks leave of Court pursuant to Federal Rule of Civil Procedure 24(a) and *Supplemental Admiralty Rule C(6)* to file its Verified Complaint in Intervention. Bay-Houston's motion is assumed to be opposed by defendants, although the plaintiff and all current intervenor plaintiffs are unopposed to the motion for leave to file intervention.

Bay-Houston provides towing services, ship berthing assist services, and escort services to vessels in the Texas ports of Houston, Galveston, Texas City, Freeport, and Corpus Christi. At issue in this case are unpaid invoices for vessel docking, undocking, shifting, and other tug assist services ("Towing Services") provided to vessels owned and/or operated by Bouchard Transportation Co., Inc. ("Bouchard Transportation") in or around the Texas ports where Bay-Houston provides tug services.

At the request and instruction of defendant Bouchard Transportation, Bay-Houston provided Towing Services and other necessaries to numerous vessels owned and/or controlled by Bouchard Transportation. The necessaries provided by Bay-Houston, and for which it has not been paid, are described in its attached Verified Complaint in Intervention (and Exhibits A and C thereto) and give rise to maritime liens on the vessels in favor of Bay-Houston.

Towing and ship assist berthing services are "necessaries" because they fall within the class of "most goods or services that are useful to the vessel, keep her out of danger and enable her to perform her particular function." *Equilease v. M/V SAMPSON*, 793 F.2d 598, 603 (5th Cir. 1988) (en banc). Bay-Houston provided towing services to the defendant's vessels. Towage services constitute "necessaries" under the Commercial Instruments and Maritime Lien Act ("CIMLA"). 46 U.S.C. § 31301(4). See also *King v. Smith*, 30 F.2d 890 (5th Cir. 1929). Therefore, Bay-Houston has maritime liens for necessaries under CIMLA for the unpaid towage services it provided to defendant's vessels.

Bay-Houston now seeks to enforce its maritime liens and obtain payment for the provided necessaries from Bouchard Transportation and/or its vessels.

## II.

## PROCEDURAL BACKGROUND

On December 18, 2019, plaintiff E.N. Bisso & Sons, Inc. ("Bisso") filed this lawsuit to arrest and attach the M/V DONNA J. BOUCHARD, *in rem,* and the BARGE B. NO. 272, i*n rem*, and the property of Bouchard Transportation, *in personam*. (Rec. Doc. 1).

Pursuant to this Court's order (Rec. Doc. 7), the U.S. Marshal arrested the M/V DONNA J. BOUCHARD and the BARGE B. NO. 272.

Additionally, on December 26, 2019, Crescent Towing & Salvage Co., Inc. ("Crescent Towing") and Cooper/T. Smith Mooring Co., Inc. ("Cooper/T. Smith") filed Verified Complaints in Intervention seeking enforcement of its maritime lien against the BARGE B. NO. 272. (Rec. Doc. 16).

On January 4, 2020, and pursuant to *Supplemental Rule C(4)* as amended and supplemented by *Local Admiralty Rules 64.1* and *64.5*, Bisso caused a notice of the action and arrest of the vessels to be published in the Times Picayune. (Rec. Docs. 17, 17-1 and 17-2).

In accordance with *Local Admiralty Rule 64.1*, Bisso's published notice (Rec. Doc. 17-2) instructs any party having claims against the arrested vessels to appear and assert its claim(s) within twenty-one (21) days of publication. Twenty-one (21) days from Bisso's January 4, 2020 publication date was January 25, 2020.

On March 5, 2020, John W. Stone Oil Distributing, LLC filed its Verified Complaint in Intervention, after the Court granted its motion for leave to do so. (Rec. Doc. 56).

Previously, on December 10, 2019 Bay-Houston filed an action in Texas to arrest the M/V Barbara E. Bouchard and the Barge No. 240, in rem, and against Bouchard Transportation in personam, and to attach the property of Bouchard Transportation, in Case No. 4:19-cv-004807 in the United States District Court for the Southern District of Texas, Houston Division. That case has been transferred to the Corpus Christi Division and is currently pending in Case No. 2:20-cv-00049 in the United States District Court for the Southern District of Texas, Corpus Christi Division (the "Texas Case"). In the Texas Case, Bay-Houston is enforcing its maritime liens on the M/V Barbara E. Bouchard and Barge No. 240, as well as pursuing maritime attachment of Bouchard's property and its in personam claim against Bouchard Transportation to recover the full debt owed to Bay-Houston.

For the period including January 25, 2020 and thereafter, Bouchard Transportation has suggested that it is seeking financing to be able to pay its debts and intending to resolve Bay-Houston's claims. These suggestions were, upon information and belief, made for the purpose of inducing Bay-Houston to refrain from intervening in this action and/or commencing other actions against Bouchard Transportation and its property. As set forth below, Bay-Houston should not be prejudiced by Bouchard Transportation's inducements.

### III.

### LAW AND ARGUMENT

Regarding interventions of right in pending maritime vessel seizure actions, the Fifth Circuit in *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003) ruled:

> Rule 24(a) governs interventions of right. FED. R. CIV. P. 24(a); *Ruiz v. Estelle*, 161 F.3d 814, 827 (5th Cir. 1998), cert. denied, 526 U.S. 1158, 144 L. Ed. 2d 213, 119 S. Ct. 2046 (1999). Pursuant to that *Rule*, a party is entitled to such intervention if: (1) the motion is timely; (2) the putative intervenor asserts an interest related to the property or transaction that forms the basis of the controversy in the action into which he seeks to intervene; (3) the disposition of the action may impair or impede his ability to protect that interest; and (4) it is not adequately represented by the existing parties. *E.g., Glickman,* 256 F.3d at 375. Generally, intervention is proper "where no one would be hurt and the greater justice could be attained". *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation omitted). See generally 6 JAMES W. MOORE, *MOORE'S FEDERAL PRACTICE* § 24.03[1][a], at 24-23 (Matthew Bender 3d ed. 2003).

In the instant matter, Bay-Houston satisfies three of the four requirements for intervention of right under Rule 24(a) as prescribed by the Fifth Circuit in *Effjohn*, 346 F.3d at 560, and further meets the requirement of timeliness for reasons that follow.

First, Bay-Houston was induced to refrain from filing its claim in the instant matter by Bouchard Transportation's ongoing suggestions, in discussions among counsel, that Bouchard Transportation was making efforts to satisfy all Bay-Houston's claims in the Texas Case. The representations by Bouchard Transportation, through counsel, constitute representations made to Bay-Houston specifically to induce Bay-Houston to delay filing its claim. "Timeliness should not prevent intervention where an existing party induces the applicant to refrain from intervening." *U.S. vs. Alcan Aluminum, Inc.*, 25 F.3d 1174 3d Cir. 1994, citing *Stallworth v. Monsanto,* 558 F.2d 257, 267 (5th Cir. 1997). Within the meaning of FRCP 24(a) timeliness is not just a function of counting days; it is determined by the totality of the circumstances. *NAACP v. New York,* 413 U.S. 345, 366 (1973). See generally *James W. Moore,* 3(b), *Moore's Federal Practice,* Section 24.13 (timeliness is not merely a function of when the motion was filed relative to the filing of the action). As of this filing, an order was entered on March 10, 2020 scheduling sale of the vessels on April 28, 2020. Permitting Bay-Houston to file its Verified Complaint in Intervention will not work to the detriment of any other party. Thus, while Bay-Houston seeks to intervene after the claim deadline, its delay is justified by Bouchard Transportation's inducements and no party will be prejudiced as a result.

Second, Bay-Houston is asserting an interest in the property related to this matter – namely, the enforcement of its maritime liens for provision of vessel necessaries – which must be protected by Bay-Houston. Third, the disposition of this action would eliminate Bay-Houston's liens because Bisso's arrest of the M/V DONNA J. BOUCHARD and the BARGE B NO. 272 "is the first step toward judicial sale, which would wash the vessel of all maritime liens." *Odyssea Marine, Inc. v. M/V SIEM SPEARFISH*, 2016 U.S. Dist. LEXIS 105442 *11 (E.D. La. 2016). "When the vessel is sold under an *in rem* proceeding to satisfy a maritime lien, the owner takes the vessel free of all

liens imposed anywhere in the world." *Bank One La. v. Dean*, 293 F.3d 830, 832 (5th Cir. 2002). The same principal applies equally to any Supplemental Rule B claims as well because the Marshal's sale transfers title and ownership of the vessels to a third party, thereby, removing the vessels from future attachment under Rule B for unpaid bills of its prior owner. Thus, in the instant case, any judicial sale(s) of the M/V DONNA J. BOUCHARD and BARGE B. NO. 272 would completely "impair or impede" Bay-Houston's rights under Supplemental Rule C to enforce its maritime lien and its rights under Rule B to attach the vessels.

Finally, Bisso, Crescent Towing, Cooper/T. Smith, Boland Marine, and John W. Stone Oil will not be protecting Bay-Houston's interests in the instant matter because their respective "lien[s] [are] independent and competing" with Bay-Houston's Rule C arrest and Rule B attachment claims. See e.g. *Ergon-St. James, Inc. v. M/V SHANDON FU EN*, 2018 U.S. Dist. LEXIS 70802 at *3 (E.D. La. 2018). Thus, the fourth and final requirement is met.

## CONCLUSION

In sum, Bouchard Transportation should not benefit, and Bay-Houston should not be prejudiced, by Bouchard Transportation's representations and inducements to Bay-Houston that payment would be made, and this Court should thus grant Bay-Houston leave to file its Complaint in Intervention.

WHEREFOR, for all of the foregoing reasons and having demonstrated that intervention of right under Rule 24(a) and Supplemental Rule C(6) is warranted, Bay-Houston respectfully requests that its motion for leave to intervene in this matter be granted.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

/s/ Michael J. Wray
Michael J. Wray
Fed. ID. 381651
Email: Michael.wray@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Telefax: (713) 953-9470
**ATTORNEY-IN-CHARGE**
**FOR BAY-HOUSTON TOWING CO.**

**OF COUNSEL**
Christopher R. Hart
Alejandro Mendez- Roman
HOLMAN FENWICK WILLAN USA LLP
Email: chris.hart@hfw.com
Email: alex.mendez@hfw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. A true and correct copy of the foregoing instrument has been served upon all counsel of record via the Court's CM/ECF system.

/s/ Michael J. Wray
Michael J. Wray