IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAY-HOUSTON TOWING CO | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 2:19-cv-14666 |
| | § | ADMIRALTY - Rule 9(h) |
| M/V DONNA J. BOUCHARD, | § | |
| her engines, boilers, tackle, furniture, | § | SECTION E| DIVISION 1 |
| apparel, appurtenances, etc., *in rem*; | § | |
| BARGE B. No. 272, its equipment, | § | JUDGE MORGAN |
| appurtenances*, in rem*; and BOUCHARD | § | |
| TRANSPORTATION CO., INC. | § | MAGISTRATE JUDGE |
| *in personam* | § | VAN MEERVELD |

## VERIFIED COMPLAINT IN INTERVENTION

**NOW INTO COURT**, through undersigned counsel, comes Intervenor, Bay-Houston Towing Co. ("Plaintiff" or "Bay-Houston"), who files this Verified Complaint in Intervention against the M/V DONNA J. BOUCHARD, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("*M/V DONNA J. BOUCHARD*" or "Vessel") and Barge B. No. 272, (the "Barge") *in rem,* and against her owners or owners pro hac vice Bouchard Transportation Co. Inc., ("Bouchard") *in personam*, seeking damages and enforcement of its maritime lien, and alleges and pleads as follows:

### JURISDICTION AND VENUE

1. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B and C.

2. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333. This is an action for breach of maritime contracts for maritime services and to enforce maritime liens.

3. Venue is proper in this Court pursuant to Admiralty Rule C because the Vessel and the Barge are currently located, and are under seizure by this Court, in this District.

4. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions

("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest of the *M/V DONNA J. BOUCHARD* and Barge B. No. 272.

## PARTIES

5. At all times material hereto, Bay-Houston was and still is a Texas corporation, with its principal place of business located at 2243 Milford, Houston, TX 77253.

6. *In rem* Defendant *M/V DONNA J. BOUCHARD* is a towing vessel which is currently located within this District.

7. *In rem* Defendant Barge No. 272 is a barge tank vessel that is paired and traveling with the *M/V DONNA J. BOUCHARD*, which is currently located within the District.

8. The in rem Defendants, *M/V DONNA J. BOUCHARD* and Barge B. No. 272, constitute an articulated tug and barge unit, with the Barge B. No. 272 acting as the tank vessel and the *M/V DONNA J. BOUCHARD* acting as the tug boat propelling and maneuvering the barge. The *M/V DONNA J. BOUCHARD* is positioned into a notch in the stern of the Barge.

9. *In personam* Defendant Bouchard is a corporation organized and existing under the laws of New York, with its principal place of business located in Melville, New York. Service of process on Bouchard may be made by serving Morton S. Bouchard III at 58 South Service Rd, Suite 150, Melville, New York, 11747.

## FACTS

10. Bay-Houston brings this action in order to recover money indisputably due and owing to it for necessaries and services provided to Bouchard vessels, specifically including tug assistance in the berthing and unberthing of Bouchard vessels.

11. Bay-Houston is a tug company that engages in providing ship assist services and escort services to vessels of any size operating in the Texas ports of Houston, Galveston, Texas City, Freeport, and Corpus Christi.

12. Bouchard is a barge company, which owns and operates vessels for the purpose of marine transportation of petroleum and other materials.

13. Bouchard has contracted with Bay-Houston for Bay-Houston to provide harbor tugs to assist berthing and unberthing many of Bouchard's vessels, including but not limited to the berthing and unberthing of the *M/V DONNA J. BOUCHARD* and Barge B. No. 272.

14. For the berthing/unberthing towing services that Bay-Houston performs for Bouchard, invoices are generated and sent to Bouchard.

15. All of the are invoices that are a subject of this Complaint ("Invoices") are for necessaries that were (1) requested by Bouchard, (2) provided by Bay-Houston, (3) received/accepted by Bouchard, but (4) not paid by Bouchard.

16. These Invoices are fair and reasonable for the harbor tug services provided to the *M/V DONNA J. BOUCHARD*, Barge B. No. 272, and to other Bouchard vessels.

17. Bouchard has never complained or refuted the charges made in the Invoices in question in this case.

18. Bay-Houston has made multiple formal demands upon Bouchard to pay the Invoices in question.

19. Bouchard has made partial payments and promised to make further payments, but the Invoices in question remain past due, outstanding, and unpaid.

20. As of the date of this Complaint, Bouchard owes Bay-Houston the principal sum of $168,496.90 for the necessaries and services provided to Bouchard vessels. *See* attached Exhibit A, copy of Accounts Receivable Aging Report as of January 3, 2020.

21. Bay-Houston services are subject to the terms and conditions as detailed in Bay-Houston's published Tariff, which can be found on Bay-Houston's website http://www.bayhouston.com/pdf/2019tariff.pdf. A true and correct copy of the Tariff is attached as Exhibit B.

22. According to the Bay-Houston Tariff, "payment terms are 30 days from invoice date and outstanding amounts are subject to the maximum legal interest rate." Exhibit B, at p. 3.

23. Furthermore, Bay-Houston is "entitled to recover all costs associated with the collection of overdue invoices including reasonable and associated fees and court costs." Exhibit B, at p. 3.

24. Bay-Houston performed all conditions precedent to warrant full and complete payment for the aforementioned Invoices and services.

25. Payment of all sums has been duly demanded by Bay-Houston from Bouchard. However, to date, the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, and its owner, Bouchard, have neglected, failed or otherwise refused to pay the outstanding aggregate sum of $168,496.90, plus interest and fees, which is indisputably due and owing to Bay-Houston for the tug services provided.

26. By virtue of Bay-Houston's furnishing of "necessaries" to Bouchard's vessels within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 et seq., Bay-Houston has maritime liens on the Bouchard vessels for the full amount of its claim, including a maritime lien on the *M/V DONNA J. BOUCHARD* and Barge No. 272 for the services provided to the Vessel and Barge.

27. Bay-Houston seeks an order of arrest of *M/V DONNA J. BOUCHARD* and Barge B. No. 272, including their engines, tackle, equipment, apparel, etc, *in rem*, in accordance with Admiralty Rule C because the Vessel and the Barge can be found within this District.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

28. Plaintiff repeats and re-alleges each and every allegation contained in all proceedings paragraphs and incorporates those allegations herein.

29. Each time Bouchard requested harbor tug services from Bay-Houston, Bay-Houston and Bouchard entered into a contract for Bay-Houston to provide tugs to assist Bouchard vessels berth and unberth at certain terminals, including but not limited to providing tug services to the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, along with several other Bouchard owned and operated vessels. These contracts for harbor tug services are maritime contracts.

30. Bay-Houston performed the work it was contracted to perform as indicated in the Invoices in question and in the A/R Aging Report attached as Exhibit A.

31. Bouchard breached the contracts because it has not performed its contractual obligations to pay for the services provided and accepted on behalf of the *M/V DONNA J. BOUCHARD* and Barge No. B. 272, along with several other Bouchard owned and operated vessels.

32. As of the date of this filing, Bouchard owes $168,496.90 for the services provided to the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, along with several other Bouchard owned and operated vessels. *See* Exhibit A. Bouchard's breach of maritime contracts caused damage to Bay-Houston for the full principal amount of the Invoices, plus interest, plus attorneys' fees and all costs incurred to collect this debt. As a result of its breach of contract, Bouchard is liable to Bay-Houston for the full amount of these damages.

### B. RULE C ARREST OF VESSEL

33. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

34. As a result of the failure of *M/V DONNA J. BOUCHARD* and Barge B. No. 272 and its owner, Bouchard, to pay Bay-Houston for the tug services provided to the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, Bay-Houston has a maritime lien on the Vessel and Barge in the amount of $58,577.30 plus interest, costs, and attorneys' fees. *See* Exhibit C, copy of invoices to Bouchard Transportation for *M/V DONNA J. BOUCHARD* and Barge B. No. 272.

35. Bay-Houston's maritime lien on the *M/V DONNA J. BOUCHARD* and Barge B. No. 272 is enforceable by suit *in rem.*

36. Accordingly, Bay-Houston seeks to enforce its maritime lien pursuant to Admiralty Rule C by arresting the *M/V DONNA J. BOUCHARD* and Barge B. No. 272.

C. **RULE B ATTACHMENT**

37. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

38. Bouchard's breach of the agreements with Bay-Houston and its failure to pay the Invoices give rise to an in *personam* maritime claim against Bouchard for breach of maritime contract in favor of Bay-Houston for all damages caused by Bouchard's breach.

39. The damages suffered by Bay-Houston have been described in preceding paragraph 25 and are detailed in Exhibit A. The damages for which Bouchard is liable to Bay-Houston include the full principal amount of the Invoices, plus interest, plus attorneys' fees and all costs incurred to collect this debt.

40. Plaintiff reserves the right to move the Court to issue maritime process under Admiralty Rule B to attach and garnish Bouchard's tangible or intangible property located in this District to secure and pay any judgment rendered in this case against Bouchard for Bay-Houston's cause of action for breach of maritime contract.

## ATTORNEYS' FEES

41.     As a result of Bouchard's breach, and its failure and refusal to pay for the services provided and the Invoices in question as evident by the A/R Aging Report attached as Exhibit A, Bay-Houston has been forced to retain legal counsel and seeks reimbursement for its reasonable attorneys' fees as provided for in Bay-Houston's Tariff and as required by the laws of the Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Bay-Houston Towing Co. prays as follows:

a)     That this Verified Complaint be deemed good and sufficient;

b)     That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, be issued against the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, *in rem,* and Bouchard Transportation, Co., Inc., *in personam*, citing them to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c)     That process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Admiralty Rule C issue against the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, their apparel, equipment, engines, freight, tackle, etc.;

d)     That after due proceedings, judgment be entered in favor of Bay-Houston and against the *M/V DONNA J. BOUCHARD* and Barge B. No. 272, *in rem,* in the amount of $58,577.30, and against Bouchard Transportation Co., Inc., *in personam*, for the amount of $168,496.90, plus prejudgment interest, post-judgment interest, costs, attorneys' fees, and disbursements for this case; and

e)     That the Court grant Bay-Houston such other and further relief as may be just, equitable, and proper.

Respectfully submitted,

HOLMAN FENWICK WILLAN USA LLP

/s/ Michael J. Wray
Michael J. Wray
Fed. ID. 381651
Email: Michael.wray@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Telefax: (713) 953-9470

**ATTORNEY-IN-CHARGE
FOR BAY-HOUSTON TOWING CO.**

**OF COUNSEL**
Christopher R. Hart
Alejandro Mendez- Roman
HOLMAN FENWICK WILLAN USA LLP
Email: chris.hart@hfw.com
Email: alex.mendez@hfw.com