# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **E.N. BISSO & SONS, INC** <br><br> **Plaintiff** <br><br> **VERSUS** <br><br> **M/V DONNA J. BOUCHARD, her tackle, furniture, apparel, appurtenances, etc.,** *in rem*; **and the BARGE B. NO. 272, her tackle, furniture, apparel, appurtenances, etc., in rem; and, BOUCHARD TRANSPORTATION CO. INC,** *in personam* <br><br> **Defendants** | **CIVIL ACTION NO: 2:19-cv-14666** <br> **C/W 2:20-cv-00525** <br><br> **SECTION "E"** <br> **DIVISION 1** <br><br> **JUDGE: HON. SUSIE MORGAN** <br><br> **MAGISTRATE:** <br> **HON. JANIS VAN MEERVELD** <br><br> **Applies to Both Cases** |

### FIRST SUPPLEMENTAL AND AMENDING VERIFIED COMPLAINT IN INTERVENTION

Pursuant to *Fed. R. Civ. Proc. 15(a)*, Plaintiff-in-intervention, John W. Stone Oil Distributor, LLC ("Stone Oil"), a Louisiana limited liability company, by and through its undersigned counsel, files this First Supplemental and Amending Verified Complaint in Intervention for damages, arrest, maritime attachment and garnishment and respectfully represents that:

### I. JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 U.S.C. §1333, 46 U.S.C. §31341, et seq. and general maritime law. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rules B, C and E of the of the Federal Rules of Civil Procedure.

2.

Based on the defendants' alter-ego status of each other operating as a single business enterprise, this Court's jurisdiction over all of the defendants, as well as their respective assets, is co-extensive.

3.

Venue is proper pursuant to 28 U.S.C. §1391(b) and based on the presence of assets of the defendants in the District of this Court.

## II. PARTIES

4.

Stone Oil is a Louisiana limited liability company with its principal place of business in Orleans Parish, Louisiana and provides fuel, bunkers, lube and other vessel necessaries and services to vessels calling at its fuel docks at various locations in and near the Gulf of Mexico and Mississippi River.

5.

The defendants are:

(a) Bouchard Transportation, *in personam*, is a New York business entity which conducts business in the State of Louisiana operator and owner of several tugboats and barges, including the M/V DONNA J. BOUCHARD, M/V LINDA LEE BOUCHARD, M/V BOUCHARD GIRLS, BARGE B. NO. 295 and BARGE B. NO. 272, operating throughout the navigable waters of the United States;

(b) Tug Donna J. Bouchard Corp., *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the ostensible owner of the M/V DONNA J. BOUCHARD;

(c)     Tug Linda Lee Bouchard Corp., *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the ostensible owner of the M/V LINDA LEE BOUCHARD;

(d)     Tug Bouchard Girls Corp., *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the ostensible owner of the M/V BOUCHARD GIRLS;

(e)     B. No. 195 Corp. *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the ostensible owner of the BARGE B. No. 295;

(f)     B. No. 272 Corp., *in personam*, is a New York business entity which conducts business in the State of Louisiana and is the ostensible owner of the BARGE B. NO. 272;

(g)     M/V LINDA LEE BOUCHARD, her engines, tackle, apparel, appurtenances, etc., *in rem;*

(h)     M/V BOUCHARD GIRLS, her engines, tackle, apparel, appurtenances, etc., *in rem;*

(i)     BARGE B. NO. 295, her engines, tackle, apparel, appurtenances, etc., *in rem*

(j)     M/V DONNA J. BOUCHARD, her engines, tackle, apparel, appurtenances, etc., *in rem*; and,

(k)     BARGE B. NO. 272, its engines, tackle, apparel, appurtenances, etc., *in rem*;

6.

At all times pertinent, Bouchard Transportation conducted business at 58 South Service Road Suite 150, Melville, NY, as a single-business enterprise and alter-ego of its several affiliated, subsidiary New York business entities listed in paragraph 5 above.

7.

Stone Oil reserves all rights to conduct jurisdictional discovery establishing its allegations of alter-ego and single business enterprise status by and among Bouchard Transportation and each of its affiliated, subsidiary business entities listed in paragraph 5 above, *see ING Bank N.V. v. M/V PORTLAND*, 2016 U.S. Dist. LEXIS 78495 (M.D. La. 2016), and further shows that, upon information and belief:

(a) Bouchard Transportation is the corporate parent to each of its affiliated, subsidiary corporate business entities and, therefore, the owner of Bouchard Transportation has the power to dominate and actually dominates and controls each of its affiliated subsidiary business entities:

(b) The president and chief executive officer of Bouchard Transportation is also the president and chief executive officer of each of its affiliated, subsidiary corporate business entities, and, therefore, the business relationships between Bouchard Transportation and each of its affiliated, subsidiary business entities are not and have not been true arm's length business transactions;

(c) The administrative and managerial personnel of Bouchard Transportation have functioned and performed duties as administrative and managerial personnel of its affiliated, subsidiary corporate business entities;

(d) Bouchard Transportation in its capacity as borrower obtained bank loans for the operations of vessels ostensibly owned by its affiliated, subsidiary business entities and, therefore, Bouchard Transportation utilized its own credit and financed the business operations of its affiliated subsidiary business entities;

(e) When Bouchard Transportation borrowed money from banks for its business operations, the president and chief executive officer of Bouchard Transportation caused its affiliated, subsidiary business entities to mortgage its respective assets (i.e. vessels) to be used as collateral or security for Bouchard Transportation's bank loans; Bouchard Transportation's affiliated, subsidiary business entities were also guarantors for Bouchard Transportation's bank loans;

(f) Bouchard Transportation requested and induced Stone Oil's provision of fuel, lube oil and other vessel necessaries to vessels mortgaged by Bouchard Transportation's affiliated, subsidiary business entities, which vessels served as collateral on bank loans made to Bouchard Transportation in its capacity as borrower, thereby maintaining and/or increasing the value of the mortgaged collateral at the expense of Stone Oil and for the benefit of Bouchard Transportation;

(g) Bouchard Transportation controls all operations of vessels owned by its affiliated, subsidiary business entities and pays the vessel operational expenses; Bouchard Transportation's affiliated, subsidiary business entities receive or derive no other business or work projects except those obtained for them from Bouchard Transportation;

(h) Upon information and belief: Bouchard Transportation is the operator of the tugs and barges owned by its affiliated, subsidiary business entities; Bouchard Transportation hires and manages all crewmembers aboard the vessels; Bouchard Transportation contracts for the transport of petroleum products throughout the East Coast, Gulf of Mexico and Mississippi River for which Bouchard Transportation invoices its customers and receives payments; Bouchard Transportation handles all aspects of vessel maintenance and repairs; Bouchard Transportation arranges for and obtains insurance coverages for the vessels; Bouchard Transportation interfaces with the Coast Guard concerning the vessels; Bouchard Transportation is, therefore, the true beneficial owner of the vessels including the *in rem* defendants named herein;

(i) Bouchard Transportation diverted its own assets and the assets of its affiliated, subsidiary business entities resulting in its own undercapitalization and undercapitalization of its affiliated, subsidiary business entities, all to the detriment of legitimate trade creditors like Stone Oil;

(j) Bouchard Transportation and its affiliated, subsidiary business entities have utilized a single-business enterprise form to unjustly divert corporate funds away from business creditors, like Stone Oil;

(k) The president and chief executive officer of Bouchard Transportation controls the bank accounts of Bouchard Transportation and controls the bank accounts of its affiliated, subsidiary business entities;

(l) Bouchard Transportation and each of its affiliated, subsidiary business entities share business offices and personnel located at 58 South Service Road, Suite 150, Melville, New York;

(m) In disregard of corporate form, Bouchard Transportation has described itself in public records as owner and operator of the tugs and barges which Bouchard Transportation now contends are owned by its affiliated, subsidiary business entities;

(n) In disregard of corporate form, and its dealing with Stone Oil and other trade creditors providing work and services for its vessels: (i) Bouchard Transportation issued all work orders to such trade creditors, (ii) Bouchard Transportation made all payments to such trade creditors and (iii) Bouchard Transportation otherwise held itself out as the business entity responsible for payment for all such work;

(o) In disregard of corporate form, Bouchard Transportation has never informed Stone Oil and other trade creditors that any business entity other than Bouchard Transportation was responsible for payment for work performed or that Bouchard Transportation was an agent for another business entity who was actually responsible for payment;

(p) In disregard of the corporate form, Bouchard Transportation incurs the expenses of responding to legal and administrative issues involving vessels ostensibly owned by its affiliated, subsidiary corporate business entities;

(q) Other acts, omissions and documents obtained during discovery demonstrating the alter-ego and single business enterprise status of the defendants named herein.

8.

Bouchard Transportation and each of the business entities identified in Paragraph 5 above were and are New York business entities, and at the time that Stone Oil filed its original Verified Complaint in Intervention, had no offices in the Eastern District of Louisiana; it has no agent(s) for service of process in the Eastern District of Louisiana; Stone Oil is informed and believes that none of the officers of Bouchard Transportation or any of the business entities identified in Paragraph 5 above are now within the Eastern District of Louisiana; that Bouchard Transportation and each of the business entities identified in Paragraph 5 above do not maintain a physical addresses or telephone listings within the Eastern District of Louisiana; that no person is present

within the Eastern District of Louisiana to receive a summons and complaint as contemplated by Fed. R. Civ. P. 4(d), and, otherwise, cannot be found in the Eastern District of Louisiana, but is subject to the *quasi in rem* jurisdiction of this Court pursuant to *Supplemental Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure* based on the presence and location of certain tangible or intangible property in the district and jurisdiction of this Honorable Court.

### III. BOUCHARD TRANSPORTATION VESSELS

9.

At all times pertinent, the following vessels were operated by Bouchard Transportation:

(a)  M/V LINDA LEE BOUCHARD and BARGE B. NO. 205;

(b)  M/V DONNA J. BOUCHARD;

(c)  BARGE B. NO. 272;

(d)  M/V BOUCHARD GIRLS and BARGE B. NO. 295; and,

(collectively hereafter the "Vessels").

### IV. SUPPLEMENTAL RULE B and C CLAIMS

10.

Pursuant to requests by defendant Bouchard Transportation which included agreed pricing, Stone Oil provided fuel, lube oil and other vessel necessaries to the Bouchard vessels at anchorages on the Mississippi River.

11.

Stone Oil provided the above-described necessaries for the benefit of the Vessels and the Defendants, all of which was performed or provided by Stone Oil in a good and workmanlike manner and accepted and utilized by the Bouchard Transportation and its affiliated, subsidiary business entities.

12.

Pursuant to the parties' agreement and course of dealing, Stone Oil provided Bouchard Transportation with its invoices (attached Exhibit "A") for its provision of necessaries to the Vessels in the total principal amount of $352,361.34, which, despite amicable demand, and in breach of the parties' contract, remains unpaid.

13.

At no time whatsoever did Bouchard Transportation inform Stone Oil that it was merely an agent for a disclosed principal or that Bouchard Transportation was not financially responsible for the services performed by Stone Oil.

14.

Throughout the parties' course of dealing, Bouchard Transportation as operator and owner of the Vessels: (a) requested Stone Oil's necessaries be provided to the Vessels; (b) received the invoicing by Stone Oil, and, (c) with the exception of the necessaries and services described on the attached Exhibit "A," paid Stone Oil.

15.

The necessaries and invoices by Stone Oil, as set forth above and on the attached Exhibit "A," constitute maritime contracts, or in the alternative, an open account, which the defendants breached by failing to pay Stone Oil.

16.

Based on the defendants' breach and non-payment, Stone Oil is entitled to recovery against Defendants, jointly, severally and solidarily, in the principal amount of $352,361.34, plus interest at the rate of prime plus 1% per month, all costs of these proceedings and reasonable attorney's fees pursuant to the terms of Stone Oil's invoices (See attached Exhibit "A") and the parties' course of dealing.

17.

In the alternative, Stone Oil is entitled to recovery against Bouchard Transportation, in the principal amount of $352,361.34, interest at the rate of prime plus 1% per month, all costs of these proceedings and reasonable attorney's fees under equitable principles including the doctrine of *quantum meruit* or unjust enrichment and the terms of Stone Oil's invoices (see attached Exhibit "A") and the parties' course of dealing.

18.

Of the unpaid invoices attached as Exhibit "A", Invoices GB65334-IN and GB63579-IN reflect vessel necessaries provided to the M/V DONNA J. BOUCHARD which give rise to a maritime lien in favor of Stone Oil in the amount of $3,735, interest at the rate of prime plus 1% per month, all costs of these proceedings and reasonable attorney's fees.

19.

Pursuant to Supplemental Admiralty Rule C, Stone Oil prays for a Warrant to be issued by this Court ordering the arrest of the M/V DONNA J. BOUCHARD, bearing Official Number 1257374, her engines, tackle, boilers, equipment, appurtenances, etc. and that said vessel be arrested, condemned and sold to pay Stone Oil's claims.

20.

Pursuant to Supplemental Rule B, Stone Oil is also entitled to process of maritime attachment of all tangible and intangible property of the Defendants located within the District of this Honorable Court including but not limited to M/V DONNA J. BOUCHARD and the BARGE B. NO. 272 in order to attach, condemn and sell said vessels to satisfy the balance of Stone Oil's remaining claims for maritime liens in the amount of $348,626.34.

21.

All and singular, the premises and allegations in this Verified Complaint in Intervention are true and correct and within the admiralty and maritime jurisdiction of the United States and this Court.

WHEREFORE, Stone Oil prays:

That after due proceeding are had there be judgment in its favor and against the Bouchard Transportation, Tug Donna J. Bouchard Corp. and B. No. 272 Corp., jointly, severally and in solido, in the principal amount of $352,361.34, interest at the rate of prime plus 1% per month, all costs of these proceedings and reasonable attorney's fees.

That a Warrant of Arrest issue pursuant to Supplemental Rule C against the M/V DONNA J. BOUCHARD and a Writ of Attachment issue pursuant to Rule B against the M/V DONNA J. BOUCHARD and the BARGE B. NO. 272, and that both vessels be condemned and sold at public auction to satisfy Stone Oil's claims as stated herein.

That Stone Oil may have judgment against Bouchard Transportation, Tug Donna J. Bouchard Corp., Tug Linda Lee Bouchard Corp., Tug Bouchard Girls Corp., Barge B. No. 195 Corp. and Barge B. No. 272 Corp., jointly, severally and in solido, for the amount of any deficiency, plus any other sums and interest, costs and attorney's fees; and, For any and all other just and equitable relief.

Respectfully submitted,

*/s/Jacques P. DeGruy*
Robert R. Johnston, T.A.  (#22442)
Jacques P. DeGruy (#29144)
Constance C. Waguespack (#36416)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163

Telephone: 504-620-2500  
Facsimile: 504-620-2510  
Robert.Johnston@pjgglaw.com  
Jacques.DeGruy@pjgglaw.com  
Constance.Waguespack@pjgglaw.com