UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E.N. BISSO & SONS, INC | * CIVIL ACTION No.:2:19-cv-14666 |
| | * |
| VERSUS | * SECTION "E" |
| | * |
| M/V DONNA J. BOUCHARD, her tackle, furniture, apparel, appurtenances, etc., *in rem*; and the BARGE B. NO. 272, her tackle, furniture, apparel, appurtenances, etc., in rem; and, BOUCHARD TRANSPORTATION CO. INC, *in personam* | * MAG. DIVISION "1" * * JUDGE MORGAN * * MAGISTRATE JUDGE * VAN MEERVELD * |

## MEMORANDUM IN OPPOSITION TO BOUCHARD'S MOTION TO VACATE AND DISMISS COURT ORDER FOR INTERLOCUTORY SALE OF THE M/V DONNA J. BOUCHARD AND BARGE B. NO. 272

**NOW INTO COURT,** through undersigned counsel, comes plaintiff-in-intervention, Boland Marine & Industrial, LLC ("Boland"), and files this memorandum in opposition to the "Bouchard defendants" (Tug Donna J. Bouchard Corp. and Barge B. No. 272 Corp.) Motion to Vacate (Rec. Doc. 108) this Court's prior interlocutory sale Order (Rec. Doc. 58) of the M/V DONNA J. BOUCHARD and BARGE B. NO. 272.

For the reasons below, the Bouchard defendants' Motion to Vacate (Rec. Doc. 108) should be denied.

### I.
### NO LEGAL AUTHORITY

In support of its Motion to Vacate (Rec. Docs. 108 and 108-1), the Bouchard defendants cite no statutory authority, no case law, no maritime treatises, no law review articles, no other secondary legal authorities, no anything. They further make no *Rule B,*

1

*Rule C* or *Rule E* policy arguments. And, they certainly make no refence at all to concepts of judicial economy.

The concept of judicial economy is mentioned here because the only possible outcome if the Bouchard defendants succeed in the instant Motion to Vacate is the re-filing of a motion for interlocutory sale by Boland and the other litigants. As shown below, the result of such a re-filing of a motion for interlocutory sale is the exact same outcome reached by the Court three weeks ago.

When viewed through the prism of judicial economy, the instant Motion to Vacate by the Bouchard defendants is just another a delay tactic to avoid the inevitable sale of the M/V DONNA J. BOUCHARD and BARGE B. NO. 272 and eventual payment of creditors.

## II.
## NO CHANGE IN CIRCUMSTANCES

In its March 10, 2020 Order and Reasons (Rec. Doc. 58), this Court engaged in a detailed analysis under *Supplemental Admiralty Rule E* by considering the applicable factors:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

*See* Rec. Doc. 58 at p. 3.

In accordance with Fifth Circuit authority, the Court noted that "[i]n order to prevail, the lienors need only show one of the three criteria." *See* Rec. 58 at p. 5, citing

*Merchants Nat'l Bank of Mobile v. Dredge GENERAL G.L. GILESPIE*, 663 F.2d 1338, 1341 (5th Cir. 1981).[1]

### (a) Vessels subject to deterioration

Regarding the first factor – whether the vessels are subject to deterioration -- the Court commenced its analysis by noting that the vessels "…have lain idle for approximately three months, not working or earning any revenue." *See* Rec. 58 at p. 5. That fact has not changed except that now it is over three weeks later since the Court first made that observation. The vessels remain idle and docked at Yellowfin Marine's facility in Port Fourchon, Louisiana, the same place they were three weeks ago. The Bouchard defendants do not contend otherwise in their Motion to Vacate (Rec. Doc. 108-1).

The Court next noted that the vessels have been insufficiently crewed at least part of the time. *See* Rec. 58 at p. 5. That fact also has not changed. The Bouchard defendants do not address this factual issue either. *See* Rec. 108-1.

The Court also focused on the Bouchard defendants' failure to pay crew wages and failure to present the Court with any kind of crew repayment plan. *See* Rec. Doc. 58 at p. 5. Notably, after the issuance of this Court's interlocutory sale order on March 10, 2020 (Rec. Doc. 58), a second crewmember wage lawsuit was filed against the Bouchard defendants on March 17, 2020 in the U.S. District Court for the Southern District of New York. *See Babson, et al v. Bouchard Transportation*, #20-2370 USDC SDNY.[2] The second lawsuit includes wage claims by former crewmembers of both vessels at issue

---

[1] *Rule E* applies to both *quasi in rem* actions under *Rule B* and *in rem* actions under *Rule C*. See *Rule E(1); see also Triton Container Intern. Ltd. v. Baltic Shipping Co.,* Civ. A. No. 95–0427, 1995 WL 217483 (E.D. La. Apr. 12, 1995). Thus, *Rule B* and *Rule C* claimants can request an interlocutory sale under *Rule E*.

[2] The first crewmember wage lawsuit to be filed was *Bailey, et al v. Bouchard, et al*, #20-1207 USDC SDNY.

here: M/V DONNA J. BOUCHARD and BARGE B. NO. 272. *See Babson, et al v. Bouchard Transportation*, #20-2370 USDC SDNY, Rec. Doc. 1 at paragraphs 9 and 12. Again, on the issue of non-payment of crewmember wages, the Bouchard defendants do not address this point at all in their Motion to Vacate (Rec. Doc. 108-1).

Based on the above facts, the Court determined that the vessels were indeed subject to deterioration. None of the facts on which the Court originally relied in making its determination of vessel deterioration have changed today. In fact, the advent of the second wage claim lawsuit in New York bolsters the Court's original conclusion on this point.

**(b) Unreasonable delay in securing release of the vessels**

Little needs to be said on this point other than the vessels were originally seized December 18, 2019 (Rec. Docs. 8 and 9) and have remained in *custodia legis* ever since.

What held true in the Court's reasoning three weeks ago, remains true today: **"Defendants have not provided this Court with any evidence of active efforts to secure the Vessels' release or any date by which they expect to do so."** *See* Rec. 58 at p. 6 (Emphasis added). Nothing has changed since the Court made that finding on March 10, 2020. Moreover the Bouchard defendants have not approached Boland's counsel to discuss the terms of a letter of undertaking, bond or other form of security to secure the release of the vessels.

**III.
COURT MAY ORDER INTERLOCUTORY SALES *SUA SPONTE***

As noted above, the vessels were arrested on December 18, 2019 (Rec. Docs. 8 and 9) and have remained in *custodia legis* since that date.

4

*Rule E(9)(b)(i)* provides for interlocutory sales. Application for an interlocutory sale is open to "…a party, the marshal, **or other person having custody of the property…**" (Emphasis added).

In the instant case, the M/V DONNA J. BOUCHARD and BARGE B. NO. 272 vessels are in *custodia legis* and, therefore, the Court itself, as the custodial court of the vessels, may on its own motion, order the interlocutory sale of the vessels under *Rule E*.³

This, of course, would render moot the Bouchard defendants' entire argument in its Motion to Vacate (Rec. Doc. 108 and 108-1).

### (c) E.N. Bisso & Son's Non-Opposition

The Bouchard defendants cite the released plaintiff, E.N. Bisso & Son's, non-opposition to their instant Motion to Vacate.

The total insignificance of that argument by the Bouchard defendants was addressed at length by Boland in its memorandum in opposition to the Motion to Dismiss. See Rec. Doc. 121. Rather, than repeating those same arguments here, Boland

---

³ To be technical about it all, when the U.S. Marshal serves a Warrant of Arrest pursuant to *Rule C* or a Writ of Attachment pursuant to *Rule B*, and the Marshal subsequently takes possession of the seized vessel, the Marshal does so in the capacity as the statutory "keeper." *See 28 U.S.C. §1921(a)(1)(A) and (E). Rule E(4)(b)* provides that if tangible property is to be arrested or attached, the "…marshal or other person or organization having the warrant shall take into the marshal's possession for safe custody." But, once the vessel is arrested or attached, it is, at that moment, in "legal custody" of the admiralty/maritime court, *i.e.* in *custodia legis, New York Dock Company v. The Poznan*, 274 U.S. 117, 47 S. Ct. 482, 71 L. Ed. 955 (1927). By agreement, a "substitute keeper" may be appointed *in lieu* of the U.S. Marshal. See e.g. *General Electric Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811 (5th Cir. 1982)(referencing "keeper" and "substitute keeper"). Often, courts will utilize the term "substitute custodian" instead of "substitute keeper.". See e.g. *Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc*., 821 F.2d 1556, 1560 (11ᵗʰ Cir. 1987)(alternating from "keeper" to "substitute custodian"). Regardless of the terminology used, it is the admiralty court that holds an arrested or attached vessel in legal or judicial custody often referred to as *custodia legis*. The court's status as legal custodian of a seized vessel is supreme and not relinquished to the Marshal or anyone else. Its status as the admiralty custodial court is what gives it the power to restrict movement of the vessel within the district, allow for custodial expenses to be incurred, order the sharing of custodial costs, order judicial sales, etc. As noted by the Fifth Circuit, a "…district court enjoys broad equitable authority over the administration of maritime seizures." *Beauregard, Inc. v. Sword Servs. LLC*, 107 F.3d 351, 354 (5ᵗʰ Cir. 1997). In the instant case, this Court, as the legal or judicial custodian of the M/V DONNA J. BOUCHARD and BARGE B. NO. 272, may, therefore, under *Rule E(9)* and Fifth Circuit authority, and on its own motion, order the interlocutory sale of the vessels.

simply adopts and incorporates herein by reference its previously filed opposition memorandum (Rec. Doc. 121) on this point.

        **Respectfully submitted:**

        **LAW OFFICE OF CARY A. DES ROCHES**

        /s/ Cary A. Des Roches
        Cary A. Des Roches (LA Bar No. 19550)
        225 Phosphor Avenue
        Metairie, LA 70005
        and
        1100 Poydras Street
        Suite 3250
        New Orleans, LA 70170
        Phone: (504) 588-1288
        Facsimile: (504) 588-9750
        cdr@desrocheslaw.com
        *COUNSEL FOR BOLAND MARINE &*
        *INDUSTRIAL, LLC*

        and

        **COUHIG PARTNERS, LLC**
        Robert E. Couhig, Jr. (La. Bar No. 4439)
        Robert E. Couhig, III (La. Bar No. 29811)
        Jeffrey T. Pastorek (La. Bar No. 33309)
        1100 Poydras Street, Suite 3250
        New Orleans, LA 70163
        T: (504) 588-1288
        F: (504) 588-9750
        rcouhig@couhigpartners.com
        jpastorek@couhigpartners.com
        *COUNSEL FOR BOLAND MARINE &*
        *INDUSTRIAL, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U.S. Mail
( ) Facsimile      ( ) Federal Express
( ) Electronic Mail      (x) CMF/ECF

New Orleans, Louisiana this 2nd day of April 2020.

                                       /s/ Cary A. Des Roches_____
                                       CARY A. DES ROCHES