UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **E.N. BISSO & SON, INC.** | § | **CIVIL ACTION No. 19-cv-14666** |
| | § | |
| VS. | § | SECTION (E) |
| | § | |
| **M/V DONNA J. BOUCHARD, her tackle, furniture, apparel, appurtenances,** *etc.* **in *rem*, and the Barge B. NO. 272, her tackle, furniture, apparel, appurtenances,** *etc.* **in *rem* and BOUCHARD TRANSPORTATION CO., INC.** *in personam* | § § § § § § § | DIVISION (1)  JUDGE: Susie Morgan  MAGISTRATE: Janice van Meerveld |

**OMNIBUS LIMITED REPLY TO OPPOSITIONS
FILED BY INTERVENING PLAINTIFFS**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, E.N. Bisso & Son, Inc. ("*E.N. Bisso*"), and files this *Omnibus Limited Reply* (the "*Reply*") in response to the various Oppositions filed by Crescent Towing & Salvage Co., Inc., Cooper/T. Smith Mooring Co., Inc., Boland Marine & Industrial, LLC, John W. Stone Oil Distributor, LLC, and Belle Chase Marine Transportation, LLC (the "*Intervening Plaintiffs*") (ECF Doc. Nos. 107, 120-122, and 124-126) in response to (1) the *Joint Motion To Dismiss* (ECF Doc. No. 105) ("*Motion To Dismiss*"), filed jointly by E.N. Bisso and Tug Donna J. Bouchard Corp., B. No. 272 Corp., and Bouchard Transportation Co., Inc. and (2) the *Motion To Vacate and Dismiss Court Order for Interlocutory Sale of the M/V DONNA J. BOUCHARD and Barge B. NO. 272* (ECF Doc. No. 108), (the "*Motion To Vacate*"), filed solely by Tug DONNA J. BOUCHARD Corp. and B. No. 272 Corp. In support of the Reply, E.N. Bisso respectfully submits the following:

**LAW AND ARGUMENT**

1. Initially, certain of the Oppositions challenge the filing of the Motion To Dismiss *ex parte*. However, the Motion To Dismiss expressly limited the requested dismissal to the claims

1

asserted by E.N. Bisso and the legal process issuing therefrom; namely, the warrants of arrest and writs of attachment served upon the M/V DONNA J. BOUCHARD, the Barge B. NO. 272, and their respective tackle, furniture, apparel, appurtenances, *etc*. (collectively, the "***Vessels***").[1] Because the settlement referenced in the Motion To Dismiss excludes the claims asserted by the Intervening Plaintiffs, the Intervening Plaintiffs have no right to object to the settlement, but instead must prosecute their claims in the absence of E.N. Bisso. *See U.S. v. Carpenter*, 526 F.3d 1237, 1241 (9th Cir. 2008) ("[I]ntervenors whose claims are not the subject of a settlement cannot veto that settlement."); *see also Industrial Communications and Electronics, Inc. v. Town of Alton, N.H.*, 646 F.3d 76, 79 (1st Cir. 2011) ("An intervenor can continue to litigate after dismissal of the party who originated the action, but the intervenor's ability to do so is contingent upon a showing by the intervenor that he fulfills the requirements of Article III"). Accordingly, undersigned counsel submits that the filing of the Motion To Dismiss *ex parte* was proper under the circumstances.

2. Furthermore, there is nothing untoward or conspiratorial about E.N. Bisso's agreement to settle its claims against the Defendants. E.N. Bisso undertook no action which impaired the interests of the Intervening Plaintiffs, but merely agreed to a routine out-of-court settlement of its claims and to join in requesting dismissal of any such claims and associated legal process with prejudice.

3. As the Intervening Plaintiffs will retain whatever rights they had despite the dismissal of E.N. Bisso, the only practical effect of such dismissal is that the Intervening Plaintiffs will be required to prosecute their claims themselves, including covering the costs of maintaining

---

[1] Although this Court issued writs of attachment, which, upon information and belief, were served on the Vessels, E.N. Bisso did not request issuance or service of such process in any of its pleadings. Accordingly, the writs of attachment were issued in error. In any event, E.N. Bisso has no objection to the quashing of such writs.

arrest of the Vessels, substantially all of which have been advanced by E.N. Bisso to date. Specifically, E.N. Bisso commenced the action and engaged a substitute custodian to maintain the Vessels during the arrest at significant expense, which none of the Intervening Plaintiffs offered to defray. E.N. Bisso later filed the *Motion for Interlocutory Sale* (ECF Doc. No. 39), which this Court granted per Order dated March 10, 2020 (ECF Doc. 58) (the "***Sale Order***"). None of the Intervening Plaintiffs joined in the Motion for Interlocutory Sale or submitted any pleadings in support of such relief.

4. Certain of the Oppositions imply that E.N. Bisso delayed advertising the Vessels for sale in order to obtain payment on its claims from the Defendants. E.N. Bisso categorically denies that implication. Shortly following the entry of the Sale Order, undersigned counsel prepared an advertisement for publication in New Orleans and trade publications throughout the country, which noticed the Vessels for interlocutory sale on April 28, 2020. Before those advertisements went into circulation, the Court advised undersigned counsel that COVID-19 General Order No. 20-2 barred public sales during the month of April and requested that E.N. Bisso not advertise the sale as planned.

5. Undersigned counsel further notes that none of the Intervening Plaintiffs inquired into or offered to assist in marketing the Vessels, share advertising costs, or any other *custodia legis* expense.

6. E.N. Bisso did not agree to join in any future motion to vacate in connection with the settlement of its claims against the Defendants. E.N. Bisso merely agreed that it had no objection if one or more of the Defendants in the future filed a motion to vacate the sale. As it was dismissing its action against the Defendants, which effectively terminated its involvement in this case, E.N. Bisso's 'no objection' was not earthshattering and should not cause the Intervening

Plaintiffs such consternation.

**WHEREFORE**, E.N. Bisso & Son, Inc. respectfully prays that this Court enter an Order dismissing E.N. Bisso from the instant action and granting such other and further relief as this Court deems just and proper under the circumstances.

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK<br>RANKIN & HUBBARD | Respectfully submitted,<br><br> */s/ Stewart F. Peck*  <br>STEWART F. PECK (#10403)<br>JAMES W. THURMAN (#38494)<br>601 Poydras Street Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>Email: speck@lawla.com;<br>jthurman@lawla.com<br><br>*Attorneys for E.N. Bisso & Son, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2020 true and correct copies of the foregoing were served via electronic mail by operation of this Court's CM/ECF system on all parties having entered appearances in this matter.

 */s/ Stewart F. Peck*  
Stewart F. Peck