UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| E.N. BISSO & SON, INC., | CIVIL DOCKET |
| --- | --- |
| Plaintiff | |
| VERSUS | NO. 19-14666 |
| | c/w 20-525 |
| M/V DONNA J. BOUCHARD, ET AL., | SECTION: "E" (1) |
| Defendants | |

*Applies to: 19-14666*

# ORDER AND REASONS

Before the Court is a Motion to Vacate and Dismiss Court Order for Interlocutory Sale of the M/V DONNA J. BOUCHARD and Barge B. No. 272 (hereinafter, the "Motion to Vacate") filed by Defendants Tug DONNA J. BOUCHARD Corp., as owner and claimant of the M/V DONNA J. BOUCHARD, *in rem*, and B. No. 272 Corp., as owner and claimant of the Barge B. No. 272, *in rem*, both appearing in restricted capacities pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure.[1] The Motion to Vacate is opposed by Cooper/T. Smith Mooring Co., Inc. ("CTS") and Crescent Towing & Salvage Co., Inc. ("Crescent"),[2] John W. Stone Oil Distributing, LLC ("Stone Oil"),[3] Boland Marine & Industrial, LLC ("Boland"),[4] and Belle Chasse Marine Transportation, LLC ("Belle Chasse").[5] Defendants filed a reply.[6] Plaintiff E.N. Bisso & Son, Inc. ("Bisso") also filed a

---

[1] R. Doc. 108.
[2] R. Doc. 122. After filing their opposition to the Motion to Vacate, Crescent and CTS filed a motion to dismiss their claims against Defendants. R. Doc. 136. The Court granted this motion. R. Doc. 140.
[3] R. Doc. 125.
[4] R. Doc. 126.
[5] R. Doc. 127.
[6] R. Doc. 133.

1

reply.[7] For the following reasons, the Motion to Vacate[8] is **GRANTED** and the Court's Order and Reasons granting Bisso's Motion for Interlocutory Sale[9] is **VACATED**.

## BACKGROUND

This is an admiralty and maritime action involving two vessels, the M/V DONNA J. BOUCHARD and Barge B. NO. 272 (together, the "Vessels"). On December 18, 2019, Bisso initiated this lawsuit by filing its Verified Complaint[10] along with an Emergency Motion for Issuance of a Warrant of Arrest of the Vessels.[11] On that same date, the Court issued warrants of arrest on the Vessels.[12] Bisso requested Blue Marine Security, LLC be appointed as custodian of the arrested Vessels.[13] On January 15, 2020, the Court granted Bisso's motion[14] to substitute Tug DONNA J. BOUCHARD Corp. as the custodian of the arrested Vessels.[15]

On February 14, 2020, the U.S. Coast Guard assumed custody of the Vessels due to the Vessel owner's failure to remedy safety and environmental threats posed by the Vessels.[16] On February 27, 2020, Bisso filed a Motion for Interlocutory Sale of the Vessels.[17] No other party joined in Bisso's Motion for Interlocutory Sale. After holding oral argument on the motion,[18] the Court granted Bisso's Motion for Interlocutory Sale of

---

[7] R. Doc. 129. Bisso filed a reply in support of the Motion to Vacate filed by Defendants, presumably because the Motion to Vacate is related to a Joint Motion to Dismiss previously filed by Bisso and Defendants. The Joint Motion to Dismiss, R. Doc. 105, was granted by the Court, R. Doc. 138.
[8] R. Doc. 108.
[9] R. Doc. 58.
[10] R. Doc. 1.
[11] R. Doc. 2.
[12] R. Docs. 8 and 9. The U.S. Marshal also inadvertently issued writs of attachment on the Vessels. R. Docs. 10 and 11.
[13] *See* R. Doc. 3 (motion to appoint custodian) *with* R. Doc. 12 (order granting motion to appoint custodian).
[14] R. Doc. 18.
[15] R. Doc. 19.
[16] R. Doc. 55-1 (Decl. of U.S. Coast Guard Commander Damian Yemma).
[17] R. Doc. 41.
[18] R. Doc. 55.

the Vessels on March 10, 2020.[19] The Court held an interlocutory sale was warranted pursuant to Supplemental Admiralty Rule E(9)(a)(i) because the Vessels were liable to deterioration and there was an unreasonable delay in securing release of the Vessels. With respect to liability to deterioration, the Court explained:

> Although the Vessels are now, thanks to the Coast Guard, anchored in a safe berth, the Vessels have lain idle for approximately three months, not working or earning any revenue. Although Defendants assert they have "plans to put the Vessels back into commercial use," Defendants have produced no evidence to support this statement. At least part of the time since their arrest, the Vessels have been insufficiently crewed, similar to the vessel in Boland Marine. As declared by Commander Damian Yemma of the Coast Guard, the Coast Guard took control of the Vessels in part due to "insufficient manning [and] the potential for further crew departures due to lack of pay." Although Defense counsel represented at the March 5, 2020 hearing that the Vessels presently are sufficiently crewed, it appears crew members still have not been fully paid for their past services. At the hearing Defense counsel represented Defendants have a plan to pay back wages of the crew over time. Defendants have submitted no evidence to the Court of financial ability to support this plan. As a result, there is a serious risk crewmembers will depart the Vessels again, leaving the Vessels without necessary crewmembers to maintain the Vessels and further subjecting the Vessels to deterioration.[20]

With respect to the unreasonableness of the delay in securing release of the Vessels, the Court held "Defendants have not provided this Court with any evidence of active efforts to secure the Vessels' release or any date by which they expect to do so."[21] Because the Vessels had only been arrested for approximately three months at the time of the Court's Order and Reasons, and because "'[a]s a general rule, defendants are given at least four months to bond a vessel absent some other considerations,'"[22] the Court set the sale date on April 28, 2020, over forty-five days from the date the Court's Order and Reasons was

---

[19] R. Doc. 58.
[20] *Id.* at 5 (internal citations omitted).
[21] *Id.* at 6.
[22] *John W. Stone Oil Distrib., L.L.C. v. M/V LUCY*, No. 09-4440, 2009 WL 4166605, at *1 (E.D. La. Nov. 20. 2009) (quoting *United States v. F/V FORTUNE*, No. A86–445 Civ., 1987 WL 27274 (D. Alaska Apr. 14, 1987)) (collecting cases).

issued.[23] However, the Court provided that, "[i]f Defendants do successfully secure release of the vessel prior to its sale, the execution of that sale shall be stayed."[24]

At the time the Court's Order and Reasons granting Bisso's Motion for Interlocutory Sale was issued, Bisso was the only party that had requested issuance of warrants of arrest on the Vessels. Subsequently, several parties requested issuance of warrants of arrest and/or writs of attachment on the Vessels.[25]

On March 30, 2020, upon settling all claims between them, Bisso and Defendants filed a joint motion to dismiss Bisso's claims against defendants and dismiss the warrants of arrest and writs of attachment issued on Bisso's behalf.[26] The Court granted this motion.[27]

## **LAW AND ANALYSIS**

Supplemental Admiralty Rule E(9)(a)(i) provides a court "may order" an interlocutory sale of a vessel if one or more of the following criteria are present:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.[28]

Importantly, "Rule E(9)(A)(i)[] does not require an interlocutory sale once the criteria is met. Instead, the question of whether an interlocutory sale is appropriate is left to the

---

[23] R. Doc. 58 at 6-7.
[24] *Id.* at 7.
[25] R. Docs. 62, 72, and 73; *Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525, R. Docs. 9 and 11 (E.D. La. Mar. 16, 2020). There is also a pending motion for issuance of warrants of arrest and writs of attachment on the Vessels filed by Stone Oil. R. Doc. 116.
[26] R. Doc. 105.
[27] R. Doc. 138.
[28] Fed. R. Civ. P. Supp. E(9)(a)(i).

court's discretion."[29] Similarly, the Court "has the discretion to determine the parameters of the interlocutory sale of the vessel."[30]

In this case, in granting Bisso's motion for interlocutory sale, the Court set the following key parameter: the interlocutory sale would be vacated "[i]f Defendants do successfully secure release of the vessel [from Bisso's arrest] prior to its sale."[31] Defendants have now secured release of the Vessels from Bisso's arrests thereof.[32] Moreover, Defendants argue many of the circumstances causing the Vessels to be subject to deterioration have changed since the Court's Order and Reasons granting Bisso's Motion for Interlocutory Sale was issued. As Defendants argue:

> Bouchard, on behalf of the tug owners and barge owners, has fully paid all crew wages that were owed to the seamen on the Bouchard-operated vessels. [Further], the Defendants are working closely with the U.S. Coast Guard to end the federal assumption of the DONNA J. BOUCHARD and Barge B No. 272. Defendants have full crews available for the vessels, and are currently undergoing Coast Guard inspections with an eye toward release of the vessels from federal custody in the very near future.[33]

The interlocutory sale was set for April 28, 2020[34] and required Bisso to "advertise notice of the sale pursuant to Local Admiralty Rule 64.6" before the sale.[35] In light of COVID-19, General Order No. 20-2, no public events may be held in the courthouse before May 1,

---

[29] *TMF Trustee Limited v. M/T Megacore Philomena*, Case No. CV 17-9010-AGR, 2018 WL 6174705, at *3 (C.D. Cal. Jul. 10, 2018). See also Triton Container Intern. Ltd. v. Baltic Shipping Co., Civ. A. No. 95–0427, 1995 WL 217483, at *2 (E.D. La. Apr. 12, 1995) (noting "the Rule, by using the word 'may', clearly indicates that ordering the sale is not mandatory.").
[30] *United States v. One 2005 Lagoon 440 Sailing Catamaran Named Bohemian Rhapsody*, Case No. CV 13-9262-DMG (JCx), 2017 WL 10573808, at *4 (C.D. Cal. Sept. 22, 2017) (citing *United States v. Any & All Funds in UBS AG, Account Number XXXX1138*, 628 F. App'x 296, 297 (5th Cir. 2016)).
[31] R. Doc. 58 at 7. At the time the Court's Order and Reasons granting Bisso's Motion for Interlocutory Sale was issued, Bisso was the only party that had requested issuance of warrants of arrest on the Vessels. Further, no party joined in Bisso's Motion for Interlocutory Sale. Accordingly, the Court's determination that the interlocutory sale would be vacated "[i]f Defendants do successfully secure release of the vessel prior to its sale" applied to release of the Vessels from Bisso's arrests thereof.
[32] *See* R. Doc. 138 (granting Bisso's and Defendants' joint motion to dismiss Bisso's claims against Defendants and the warrants of arrest and writs of attachment issued at Bisso's request).
[33] R. Doc. 133 at 3 (citations omitted).
[34] R. Doc. 58 at 7.
[35] *Id.* at 8.

5

2020.[36] In light of COVID-19, General Order 20-2, Bisso "did not advertise the sale as planned."[37] Even absent Defendants' Motion to Vacate, the Court would be required to continue the interlocutory sale date. Further, because Bisso was the only party entitled to advertise for the interlocutory sale, and because Bisso's claims have now been dismissed, another party would have to advertise for the sale. As a result of these practical considerations, in addition to the arguments made by Bisso, it is appropriate to now vacate the Court's Order and Reasons granting Bisso's Motion for Interlocutory Sale.[38]

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Vacate[39] is hereby **GRANTED**. Accordingly, the Court's Order and Reasons granting Bisso's Motion for Interlocutory Sale[40] is hereby **VACATED** and the sale set for April 28, 2020 is **CANCELLED**.

The parties are reminded that the Vessels are still under assumption of the Coast Guard. Even if the Vessels are released from the Coast Guard's custody, the attachments

---

[36] *See* COVID-19, Gen. Order No. 20-2, *available at* http://www.laed.uscourts.gov/sites/default/files/pdfs/FINAL%20EDLAGeneral%20Order%2020-2%20Re%20Trials%20%20%202020%2003%2016.pdf.
[37] R. Doc. 129 at 3.
[38] Intervenors are free to file a new motion for an interlocutory sale of the Vessels and request consideration on an expedited basis. It may be that an interlocutory sale sooner than four months after the attachments and arrest by the Intervenors is in order. *See John W. Stone Oil*, 2009 WL 4166605 at *1 ("As a general rule, defendants are given at least four months to bond a vessel *absent some other considerations*." (emphasis added)). For instance, in *Pee Dee State Bank v. F/V WILD TURKEY*, the court granted a motion for interlocutory sale where there was a three month delay in securing release of a vessel unreasonable, "no effort ha[d] been made by the owner to obtain its release, and the "risk of the vessel's further deterioration and depreciation in value, and the expense of continued custody, [was] excessive and disproportionate to the vessel's current market value." Civ. A. No. 2:91–809–18, 1991 WL 355221 (D.S.C. Oct. 9, 1991). In *Neptune Orient Lines, Ltd. v. Halla Merchant Marine Co., Ltd.*, the court granted a motion for interlocutory sale where there was a three and a half month delay in securing release of the vessel, "no security ha[d] been posted for the vessel," "the vessel is subject to deterioration, which would reduce its value and incur additional custodia legis and other maintenance expenses," and "[m]ost importantly, postponement of the sale would prejudice crewmembers." No. CIV. A. 97–3828, 1998 WL 128993 (E.D. La. Mar. 20, 1998). In this case, the Court has the discretion to consider the fact that the vessels were first seized on December 18, 2019, R. Docs. 8 and 9, more than three and a half months ago.
[39] R. Doc. 108.
[40] R. Doc. 58.

and arrests issued in this case remain in effect[41] and the Vessels are only permitted to move "from one dock or anchorage to another within this Distric and, if necessary, to undergo routine repairs and maintenance."[42]

The parties are also reminded that the Court's Order appointing Tug DONNA J. BOUCHARD Corporation as custodian of the Vessels remains in effect.[43] Accordingly, once the Vessels are released from federal custody, they will return to the custody of Tug DONNA J. BOUCHARD Corporation.

**New Orleans, Louisiana, this 7th day of April, 2020.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 62; *Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525, R. Docs. 9 and 11 (E.D. La. Mar. 16, 2020).
[42] R. Doc. 13.
[43] R. Doc. 19.