MINUTE ENTRY
MORGAN, J.
May 8, 2020

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E.N. BISSO & SON, INC., <br>   Plaintiff | CIVIL ACTION |
| VERSUS | NO. 19-14666 <br> c/w 20-525 |
| M/V DONNA J. BOUCHARD, ET AL., <br>   Defendants | SECTION: "E" (1) |

*Applies to: Both Cases*

### MINUTE ENTRY AND SCHEDULING ORDER

A telephone status conference was held on May 8, 2020 at 10:15 a.m.

Present:  Alan Davis, counsel for Consolidated Plaintiff, Belle Chasse Marine Transportation, LLC;

James Thurman, counsel for Intervenor Plaintiff, Louisiana Machinery Co., LLC;

Cary DesRoches, counsel for Intervenor Plaintiff, Boland Marine & Industrial, LLC;

Robert Johnston and Jacques DeGruy, counsel for Intervenor Plaintiff, John W. Stone Oil Distributing, LLC;

Robert Murphy, counsel for Consolidated/Intervenor Defendants, M/V Donna J. Bouchard and Barge B. No. 272; also counsel for Intervenor Defendants, Tug Donna J. Bouchard Corp., B. No. 272 Corp., Bouchard Transportation, and Bouchard Transportation Co., Inc.

1

The parties discussed the status of the case. Defense counsel provided an update regarding the repairs to be made to the M/V DONNA J. BOUCHARD and Barge B. No. 272 (collectively, the "Vessels"), as well as the recovery of the barge's anchor. Defendants are unable at this time to determine when the Vessels will be ready to be used in commerce.[1]

The parties provided an update to the Court on the parties' discussions regarding the scope and timing of jurisdictional discovery. Defense counsel informed the Court he has sent a draft protective order to counsel for Belle Chasse Marine Transportation, LLC, Boland Marine & Industrial, LLC, and John W. Stone Oil Distributing, LLC (collectively, the "Rule B Claimants"). The Court **ORDERED** that counsel for the Rule B Claimants shall review the draft protective order and send any comments on the draft protective order to defense counsel no later than **Tuesday, May 12, 2020**.

The Rule B Claimants have prepared one set of interrogatories and requests for production of documents. Counsel for the Rule B Claimants will serve this set of interrogatories and requests for production on Defendants **today, May 8, 2020**. The Court **ORDERED** that Defendants must serve their answers to this discovery no later than **Friday, May 22, 2020**. The Court reminded the parties that any documents produced must be Bates numbered, and any objections to any discovery requests must be made with specificity. If, after receiving Defendants' answers and conferring with counsel for Defendants, the Rule B Claimants wish to file a motion to compel, the Rule B Claimants shall set this motion for submission before the undersigned and move for expedited consideration.

---

[1] *See* Exhibit A (email from defense counsel to the Court dated May 7, 2020).

The Court **SET** the Rule E(4)(f) post-attachment hearing requested by Defendants[2] on **Wednesday, August 12, 2020 at 9:00 a.m**. A prehearing conference is **SET** for **Wednesday, August 5, 2020 at 9:00 a.m.** A telephonic status conference is **SET** for **July 15, 2020 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that counsel shall comply with the prehearing deadlines set forth in the Scheduling Order beginning on the following page of this Order.

---

[2] R. Doc. 160 at 1.

## **SCHEDULING ORDER**

Depositions for use at the hearing shall be taken and all discovery shall be completed not later than **July 14, 2020.** Failure to comply with this order may result in sanctions pursuant to Rule 37.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at the hearing and all exhibits which may or will be used at the hearing no later than **July 14, 2020.** The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A telephonic status conference will be held on **July 15, 2020 at 10:00 a.m.**

Motions filed in violation of this order will not be considered unless good cause is shown. In addition, the Court reiterates that Local Rule 7.4 requires leave of court to file a reply to a respondent's opposition. The Court will not consider any additional responses after that reply unless good cause is shown.

**Any motion containing more than 50 pages (including all exhibits and attachments) shall be submitted to the Court in a binder, with tabs for exhibits, within 72 hours of filing on CM/ECF.** The hard copy of the submissions must be printed from CM/ECF so that it has the CM/ECF document header on all pages indicating the case number, record document number, filing date, and page number. The cover of the binder must include the case name, case number, document name, and record document number. If there are more than five (5) exhibits and attachments, the binder must include a table of contents describing each exhibit and attachment and listing which tab corresponds to each exhibit or attachment.

This case does not involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules or the Local Rules of this Court are established.

A Final Prehearing Conference will be held on **August 5, 2020 at 9:00 a.m.** Counsel shall be prepared in accordance with the final Pretrial Notice attached. The prehearing order submitted to the Court must be double spaced and signed by all counsel. The parties shall comply with all deadlines stated in the pretrial notice and herein, including without limitation, the deadline for filing briefs on objections to exhibits and on objections to deposition testimony.

The hearing will commence **Wednesday, August 12, 2020 at 9:00 a.m.** before the District Judge. The hearing is expected to last **2 days.** The Court will set time limits for each side to present its case, if necessary, at a later time.

Deadlines, cut-off dates, or other limits fixed herein may be extended only by the Court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. **The hearing will not be continued, even on joint motion, absent good cause or compelling reason.** Likewise, the hearing will not be continued because of the unavailability of a witness. Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation. If, however, a continuance of the hearing is granted, deadlines and cut off dates will be re-set by the Court.

The prehearing deadlines in this case, as set forth **herein** and in the **attached pretrial notice**, include the following. Counsel are to consult the pretrial notice for additional detail.

| | |
|---|---|
| Depositions and discovery<br><br>**Failure to comply with this order may result in sanctions pursuant to Rule 37** | Completed by **July 14, 2020** |
| Witness lists<br><br>Each witness must be identified by name and address. The listing of a witness as a representative of an entity is not sufficient<br><br>***See*** **pretrial notice at p. 7** | Filed and served upon opponents by **July 14, 2020** |
| Exhibit lists<br><br>Each exhibit must be listed with specificity and be Bates numbered. Broad, general categories of exhibits are not sufficient<br><br>***See*** **pretrial notice at pp. 5-6** | Filed and served upon opponents by **July 14, 2020** |
| Telephonic Status Conference | **July 15, 2020 at 10:00 a.m.** |
| Objections to exhibits and portions of deposition testimony to be offered into evidence<br><br>**NOTE:** Each objection to an exhibit must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s)<br><br>***See*** **pretrial notice at p. 5** | Filed and served no later than **July 28, 2020** |
| Two copies of joint bench book(s) of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at the hearing<br><br>***See*** **pretrial notice at pp. 5-6** | Delivered to the Court by **July 28, 2020 at 5:00 p.m.** |

| | |
|---|---|
| Prehearing order<br><br>**Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by this deadline.** *See* **Section IX.10.b of the pretrial notice** | Filed by **July 31, 2020** at **5:00 p.m.** |
| Responses/oppositions to objections to exhibits and deposition testimony | Filed and served no later than **August 4, 2020** |
| Prehearing conference<br><br>**Attended by lead attorney. (See Local Rule 11.2)** | **August 5, 2020 at 9:00 a.m.** |
| Prehearing memoranda | Filed by **August 7, 2020** at **5:00 p.m.** |
| Rule E(4)(f) Post-Attachment Hearing | **August 12, 2020 at 9:00 a.m.**<br><br>(expected to last **2** days) |

**IT IS FURTHER ORDERED** that food and/or drink (including bottled water) shall be prohibited from the Section "E" courtroom (and any other designated "overflow" location); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses in the Section "E" courtroom and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc. in the Section "E" courtroom is strictly prohibited.

**IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of

7

attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

    **New Orleans, Louisiana, this 8th day of May, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (0:36)